# No. 26-944

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

**KAREN J. DORONDO,**

**Petitioner-Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE,**

**Respondent-Appellee.**

---

**ON APPEAL FROM THE DECISION
OF THE UNITED STATES TAX COURT**

---

**BRIEF FOR THE APPELLEE**

---

BRETT A. SHUMATE
  *Assistant Attorney General*

ELLEN PAGE DELSOLE          (202) 514-8128
MATTHEW S. JOHNSHOY         (202) 616-1908
  *Attorneys, Tax Litigation Branch*
  *Civil Division, U.S. Department of Justice*
  *Post Office Box 502, Washington, D.C. 20044*

# TABLE OF CONTENTS

**Page**

Table of contents.................................................................................i

Table of authorities ........................................................................iv

Glossary ..........................................................................................xii

Statement of jurisdiction................................................................ 1

Statement of the issues .................................................................. 1

Applicable statutes and regulations ............................................. 2

Statement of the case .................................................................... 2

      A.    Legal background............................................................ 2

      B.    Factual background and proceedings below ................. 5

Summary of argument ................................................................... 7

Argument ...................................................................................... 10

    The Tax Court correctly dismissed taxpayer's untimely
    petition because §6213(a)'s deadline is jurisdictional and
    cannot be equitably tolled .............................................................. 10

      Standard of review ............................................................ 10

      A.    The Tax Court did not err in dismissing taxpayer's
          petition because her arguments are foreclosed by
          precedent .................................................................... 10

      B.    The Tax Court can only exercise jurisdiction
          Congress confers, and §6213(a) simultaneously
          grants and limits the Tax Court's deficiency
          jurisdiction ................................................................ 18

          1.    Section 6213(a)'s filing deadline is
              jurisdictional and cannot be equitably tolled ..... 19

          2.    Text, context, and historical treatment make
              clear that the 90-day deadline is
              jurisdictional ..................................................... 24

-ii-

**Page**

a. The text:  Congress put the jurisdictional grant and the petition filing deadline in the same sentence .........25

b. Context:  §6213(a)'s unique role in our tax scheme shows that the deadline limits the Tax Court's power......................39

  (i) If a timely petition is not filed by §6213(a)'s deadline, §6213(c) becomes applicable and marks a major shift to a new assessment-and-collection phase ..........................40

  (ii) That Congress made the Tax Court's power to enjoin assessment and collection dependent on a timely petition indicates the petition-filing deadline is jurisdictional...................43

  (iii) Special statutory rules allowing later filing in limited situations indicate Congress's understanding that §6213(a)'s deadline cannot be equitably tolled .................................................45

  (iv) Sections 6320 and 6330......................48

  (v) Sections 7481, 7482, and 6512(a) .....49

  (vi) Section 7422(e) ..................................52

  (vii) Section 7459(d) .................................53

-iii-

**Page**

      c.    The unique context of §6213(a)'s deadline distinguishes it from other nonjurisdictional time limits ......................59

   3.    History fortifies §6213(a)'s jurisdictional reading ............................................................60

  C.    Section 6213(a)'s deadline cannot be equitably tolled even if it were not jurisdictional ........................63

Conclusion ..........................................................................................73
Addendum ...........................................................................................74
Statement of related cases ...............................................................92
Certificate of compliance ..................................................................93

-iv-

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Allen v. Commissioner*,
  No. 22-12537, 2022 WL 17825934
  (11th Cir. Dec. 21, 2022) ...................................................... 4
*Amazon.com, Inc. v. Commissioner*,
  934 F.3d 976 (9th Cir. 2019) ............................................... 22
*AMERCO, Inc. v. Commissioner*,
  979 F.2d 162 (9th Cir. 1992) ............................................... 22
*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006) ..................................... 3, 12, 16-18
*Arellano v. McDonough*,
  598 U.S. 1 (2023) ..........................................................65-66
*Atighi v. Commissioner*,
  No. 21-71417, 2022 WL 17223046
  (9th Cir. Nov. 25, 2022) ...................................................... 4
*Baker v. I.R.S.* (*In re Baker*),
  74 F.3d 906 (9th Cir. 1996) ......................................... 50, 52
*Baral v. United States*,
  528 U.S. 431 (2000) ........................................................... 19
*Bob Jones Univ. v. United States*,
  461 U.S. 574 (1983) ........................................................... 39
*Boechler, P.C. v. Commissioner*,
  596 U.S. 199 (2022)  ............................. 3-4, 11-14, 16-17, 24-25, 27,
                                                    44-45, 59-60, 63, 67-68
*Bragdon v. Abbott*,
  524 U.S. 624 (1998) ........................................................... 61
*Bull v. United States*,
  295 U.S. 247 (1935) ........................................................... 71
*Buller v. Commissioner*,
  160 F.4th 266 (2d Cir. 2025) ......................................... 3, 36, 55, 66
*Commissioner v. Engle*,
  464 U.S. 206 (1984) ........................................................... 40
*Commissioner v. Lundy*,
  516 U.S. 235 (1996) ........................................................... 38

-v-

**Cases (continued):**                                             **Page(s)**

*Commissioner v. McCoy,*
484 U.S. 3 (1987) .................................................................... 19, 41

*Commissioner v. Sunnen,*
333 U.S. 591 (1948) ..............................................40-41, 50, 54, 56

*Commissioner v. Zuch,*
605 U.S. 422 (2025) ......................................................................19

*Culp v. Commissioner,*
75 F.4th 196 (3d Cir. 2023) ...................................3, 5, 36, 55, 65-66

*Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz,*
601 U.S. 42 (2024) ......................................................................28

*DHL Corp. and Subs. v. Commissioner,*
285 F.3d 1210 (9th Cir. 2002) ......................................................10

*Di Prospero v. Commissioner,*
176 F.2d 76 (9th Cir. 1949) ..........................................................20

*Duggan v. Commissioner,*
879 F.3d 1029 (9th Cir. 2018) ......................................................10

*Edward Barron Est. Co. v. Commissioner,*
93 F.2d 751 (9th Cir. 1937) ..................................................... 19, 23

*Enbridge Energy, LP v. Nessel on
behalf of Michigan,*
608 U.S. ___, 146 S. Ct. 1074 (2026)....................................63, 65-66

*Est. of Branson v. Commissioner,*
264 F.3d 904 (9th Cir. 2001) ........................................................35

*First Nat'l Bank of Chi. v. United States,*
792 F.2d 954 (9th Cir. 1986) .........................................40, 50-51, 56

*Flora v. United States (Flora I),*
357 U.S. 63 (1958) ........................................................................2

*Gen. Water Heater Corp. v. Commissioner,*
42 F.2d 419 (9th Cir. 1930) ..........................................................34

*Gilbert v. DaGrossa,*
756 F.2d 1455 (9th Cir. 1985) ......................................................29

*U.S. ex rel. Girard Tr. Co. v. Helvering,*
301 U.S. 540 (1937) ................................................................21, 41

*Hallmark Rsch. Collective v. Commissioner,*
159 T.C. 126 (2022) .........................2-3, 19-20, 35, 44, 46, 53, 58, 61

-vi-

**Cases (continued):** **Page(s)**

*Harrow v. Dep't of Def.*,
  601 U.S. 480 (2024) .......................................................11-13, 25, 60
*United States ex rel. Hartpence v. Kinetic Concepts, Inc.*,
  792 F.3d 1121 (9th Cir. 2015) (en banc) .............................14-15, 18
*Healy v. Commissioner*,
  351 F.2d 602 (9th Cir. 1965) ...............................................19, 23-24
*Henderson ex rel. Henderson v. Shinseki*,
  562 U.S. 428 (2011) ................................................16, 25-26, 32, 60
*Hibbs v. Winn*,
  542 U.S. 88 (2004) .............................................................................40
*Hinck v. United States*,
  550 U.S. 501 (2007) ...........................................................................49
*John R. Sand & Gravel Co. v. United States*,
  552 U.S. 130 (2008) ..................................................................61, 71
*Laing v. United States*,
  423 U.S. 161 (1976) ...................................................................21, 42
*Lane v. Pena*,
  518 U.S. 187 (1996) ...........................................................................28
*Liu v. SEC*,
  591 U.S. 71 (2020) .............................................................................61
*Lozano v. Montoya Alvarez*,
  572 U.S. 1 (2014) ...............................................................................54
*United States ex rel. Lugan v. Hughes Aircraft Co.*
  (*Hughes*),
  243 F.3d 1181 (9th Cir. 2001) .............................................14-15, 18
*Lundy v. I.R.S.*,
  45 F.3d 856 (4th Cir. 1995) ...............................................38, 70, 72
*Mabbett v. Commissioner*,
  610 F. App'x 760 (10th Cir. 2015).....................................................4
*Madrigal v. Holder*,
  572 F.3d 239 (6th Cir. 2009) ............................................................26
*Mel Dar Corp. v. Commissioner*,
  309 F.2d 525 (9th Cir. 1962) ............................................................22
*Meruelo v. Commissioner*,
  691 F.3d 1108 (9th Cir. 2012) ....................................................19, 22

-vii-

**Cases (continued):** **Page(s)**

*Mitchell v. Maurer,*
293 U.S. 237 (1934) .................................................................. 36

*MOAC Mall Holdings LLC v. Transform Holdco LLC,*
598 U.S. 288 (2023) ............................................................. 16, 25

*Monsalvo Velazquez v. Bondi,*
604 U.S. 712 (2025) ............................................................ 26-27

*Nutraceutical Corp. v. Lambert,*
586 U.S. 188 (2019) .................................................................. 63

*O'Neill v. Commissioner,*
25-5250 (9th Cir.) ..................................................................... 4

*Old Colony Tr. Co. v. Commissioner,*
279 U.S. 716 (1929) ...............................34, 41, 49-50, 56

*Oquendo v. Commissioner,*
148 F.4th 820 (6th Cir. 2025)................................ 3, 36, 66

*Organic Cannabis Found., LLC v. Commissioner,*
962 F.3d 1082 (9th Cir. 2020) ...................................4, 10-14, 16-19,
23-24, 44, 53-57, 61, 63

*Reed Elsevier, Inc. v. Muchnick,*
559 U.S. 154 (2010) .............................................................25, 60

*Riley v. Bondi,*
606 U.S. 259 (2025) .................................................................. 27

*Rothensies v. Elec. Storage Battery Co.,*
329 U.S. 296 (1946) .................................................................. 71

*Rudisill v. McDonough,*
601 U.S. 294 (2024) .................................................................. 33

*Samueli v. Commissioner,*
661 F.3d 399 (9th Cir. 2011) ..................................................... 22

*Sanders v. Commissioner,*
161 T.C. 112 (2023) .................................................................. 61

*Santos-Zacaria v. Garland,*
598 U.S. 411 (2023) .................................................................. 17

*Sebelius v. Auburn Reg'l Med. Ctr.,*
568 U.S. 145 (2013) ................................... 10, 15-16, 24, 26

*Stein v. Kaiser Found. Health Plan, Inc.,*
115 F.4th 1244 (9th Cir. 2024) (en banc) ..................11-12, 14-18

-viii-

**Cases (continued):**                                                 **Page(s)**

*Tilden v. Commissioner,*
  846 F.3d 882 (7th Cir. 2017) .................................................. 4, 44

*U.S. Pumice Supply Co. v. Commissioner,*
  308 F.2d 766 (9th Cir. 1962) ........................................................ 22

*Appeal of United Paper Co.,*
  4 B.T.A. 257 (1926) ................................................................57-58

*United States v. Brockamp,*
  519 U.S. 347 (1997) ...................................................9, 63-64, 67-73

*United States v. Clintwood Elkhorn Min. Co.,*
  553 U.S. 1 (2008) ................................................................. 38, 70

*United States v. Dalm,*
  494 U.S. 596 (1990) ...............................................29, 50, 64, 70-71

*United States v. Josephberg,*
  562 F.3d 478 (2d Cir. 2009)...................................................... 54, 56

*United States v. Kwai Fun Wong,*
  575 U.S. 402 (2015) .......................................................25, 32, 60, 63

*United States v. Miller,*
  604 U.S. 518 (2025) ................................................................... 28

*United States v. Price,*
  361 U.S. 304 (1960) ................................................................... 20

*United States v. Rodgers,*
  461 U.S. 677 (1983) ................................................................... 43

*United States v. Wolf,*
  238 F.2d 447 (9th Cir. 1956) ....................................................50-51

*Wilkins v. United States,*
  598 U.S. 152 (2023) .......................................................11-13, 29, 63

*Xi v. U.S. I.N.S.,*
  298 F.3d 832 (9th Cir. 2002) ......................................................... 62

**Statutes:**

8 U.S.C.:
  §1252(a)(1) ............................................................................ 26
  §1252(b)(1) ............................................................................ 27

-ix-

**Statutes (continued):**                                                    **Page(s)**

11 U.S.C.:
  §362(a)(8) ........................................................................... 47
  §505(a)(1) ........................................................................... 47

Internal Revenue Code of 1986 (26 U.S.C.):
  §6203 ................................................................................. 42
  §6212(a) ..............................................................2, 20-21, 62
  §6212(c)(1) ................................................................... 40, 67
  §6212 note ......................................................................... 46
  §6213 ..................................................................7, 19, 35, 40
  §6213(a) ........................ 1-13, 17-30, 32-33, 35-50, 53-55, 57, 59-72
  §6213(c) ............................................................... 2, 40-42, 67
  §6213(f) ..................................................................47, 65, 67
  §6213(f)(1) ......................................................................... 47
  §6214 ................................................................................. 22
  §6214(a) ...................................................................... 32-36, 41
  §6214(b) ............................................................................. 35
  §6215(a) ............................................................................. 41
  §6303(a) ............................................................................. 42
  §6320 ................................................................................. 48
  §6320(c) ............................................................................. 49
  §6321 ................................................................................. 42
  §6330 ................................................................... 12, 48, 59
  §6330(c)(2)(B) ..................................................................... 49
  §6330(d)(1) ......................................................3, 27, 44, 49, 59-60
  §6330(e)(1) ......................................................................... 44
  §6331(a) ............................................................................. 42
  §6502 ................................................................................. 42
  §6511 ..................................................................9, 39, 63-64, 70, 72
  §6512(a) .............................................. 35, 40-41, 49-52, 55-56, 67
  §6512(b) ..............................................32-33, 35-37, 39, 41, 69
  §6512(b)(2)-(3) ................................................................... 70
  §6512(b)(3)(A)–(C) ............................................................. 37
  §7422(e) ................................................................... 40, 52-53
  §7442 ................................................................19, 22, 30-33, 36
  §7451(b)(1) ......................................................................... 65

-x-

**Statutes (continued):**                                                      **Page(s)**

Internal Revenue Code of 1986 (26 U.S.C.) (cont'd):
  §7459(d)................................................................8, 53-58
  §7481 .................................................... 41, 49, 54, 56
  §7482 .................................................... 41, 49, 54, 56
  §7482(a)(1) ........................................................ 1, 10
  §7483 ......................................................................... 1
  §7485(a)(1) ................................................................ 41
  §7502(a)..................................................................... 65
  §7508(a)(1) ............................................................... 65
  §7508A(a)(1)............................................................. 65

28 U.S.C.:
  §1331 ........................................................................ 29
  §1346(a)................................................................ 38, 70
  §1346(b)(1) ................................................................ 32
  §2401(b)................................................................ 32, 60

28 U.S.C.:
  §7252(a)..................................................................... 32
  §7266(a)..................................................................... 32

Internal Revenue Service Restructuring and Reform Act
    of 1998 Act, Pub. L. No. 105-206, 112 Stat. 685
  §3463(a)................................................................ 46, 62
  §3463(b)................................................................ 46, 62

Revenue Act of 1924, Pub. L. No. 68-176, 43 Stat. 253
  §274(a)....................................................................... 30
  §900 .......................................................................... 30
  §900(e)................................................................... 30-31

Revenue Act of 1926, Pub. L. No. 69-20, 44 Stat. 9
  §274(a)................................................................... 30-31
  §274(e) ...................................................................... 34
  §904 .......................................................................... 31
  §906(c) .................................................................. 57-58

-xi-

**Statutes (continued):** **Page(s)**

Revenue Act of 1928, Pub. L. No. 70-562, 45 Stat. 791
  §272 ............................................................................... 21
  §272(a) ........................................................................... 32
  §601 ............................................................................... 58

Technical and Miscellaneous Revenue Act of 1988, Pub. L.
  No. 100-647, §6243(a), 102 Stat. 3342 .......................... 43

**Miscellaneous:**

A. Scalia & B. Garner, *Reading Law: The Interpretation of
  Legal Texts* 322 (2012) ................................................. 61

9th Cir. R. 28-2.7 ................................................................. 2

Fed. R. App. P. 13(a)(1)(A) ................................................. 1
Fed. R. App. P. 28(f) ........................................................... 2

H. Comm. on Ways and Means, 69th Cong., *Comparison
  of the Revenue Acts of 1924 and 1926*, at 178 ............... 31

H.R. Conf. Rep. No. 69-356 (1926) .................................... 57

H.R. Conf. Rep. No. 105-599 (1998) ....................... 20, 47, 62

H.R. Rep. No. 96-833 (1980) ............................................. 47

National Taxpayer Advocate Annual Report to Congress
  2018, Volume 1 .............................................................. 68

S. Rep. No. 96-1035 (1980) ............................................... 47

Tax Ct. R. 123(d) ............................................................... 54

United States Tax Court, *Congressional Budget
  Justification Fiscal Year 2026* ...................................... 69

-xii-

# GLOSSARY

| Acronym | Definition |
|---|---|
| Am.Br. | Brief of Amicus Curiae of the Center for Taxpayer Rights |
| Appellant | Karen J. Dorondo |
| Board | Board of Tax Appeals |
| Br. | Brief of Petitioner-Appellant |
| Commissioner | Commissioner of Internal Revenue |
| Doc. | Numbered docketed entries in the Tax Court |
| ER | Excerpts of Record |
| Taxpayer | Petitioner-Appellant, Karen J. Dorondo |
| I.R.C. | Internal Revenue Code of 1986 (26 U.S.C.) |
| IRS | Internal Revenue Service |

-1-

## STATEMENT OF JURISDICTION

Karen J. Dorondo filed a Tax Court petition challenging a notice of deficiency for 2021.[1] (ER-19–21.) The Commissioner moved to dismiss for lack of jurisdiction because taxpayer's petition was not timely filed within the 90-day period in Internal Revenue Code (I.R.C.) §6213(a) (26 U.S.C.). (ER-6–9.) The Tax Court dismissed for lack of jurisdiction. (ER-3–5.)

Taxpayer timely appealed. (ER-22–28.) I.R.C. §7483; Fed. R. App. P. 13(a)(1)(A). This Court has jurisdiction under I.R.C. §7482(a)(1).

## STATEMENT OF THE ISSUES

Whether the Tax Court correctly held (i) that it lacked authority to review taxpayer's untimely petition for redetermination of a tax deficiency and (ii) that equitable tolling was unavailable.

---

[1] Unless otherwise indicated all statutory and "I.R.C." references are to the Internal Revenue Code (26 U.S.C.) as it was in effect at the relevant time.

## APPLICABLE STATUTES AND REGULATIONS

The statutes and regulations relevant to the disposition of this appeal are included as an addendum to this brief. *See* Fed. R. App. P. 28(f); 9th Cir. R. 28-2.7.

## STATEMENT OF THE CASE

### A. Legal background

1. Congress has adopted a default "pay first and litigate later" tax system. *Flora v. United States* (*Flora I*), 357 U.S. 63, 75 (1958). But Congress has also created the Tax Court to provide for limited, prepayment review of the Commissioner's deficiency determinations. The IRS must issue a notice of deficiency to a taxpayer before it can assess the taxpayer's income tax liability. *See* I.R.C. §§6212(a), 6213(a), (c). Section 6213(a) gives taxpayers 90 days from the mailing of the notice of deficiency to file a petition with the Tax Court (or 150 days if addressed to a person outside the United States). The notice of deficiency is thus a "ticket to Tax Court," *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 139 (2022) (cleaned up).

For nearly a century, the Tax Court and courts of appeals, including this Court, held that §6213(a)'s petition-filing deadline limits the Tax Court's jurisdiction to redetermine deficiencies. *See, e.g.*,

-3-

*Hallmark Rsch.*, 159 T.C. at 138, 153-61 & App'x (collecting cases). The Supreme Court has never directly addressed whether §6213(a)'s petition-filing deadline is jurisdictional, likely because the lower courts were aligned on that issue, but it has confirmed that other requirements in §6213(a) are prerequisites for jurisdiction.

In 2023, *Culp v. Commissioner*, 75 F.4th 196 (3d Cir. 2023), shattered nearly a century of precedent and held the filing deadline in §6213(a) is nonjurisdictional. In *Culp,* the Third Circuit looked to the Supreme Court's recent efforts to bring discipline to the use of the jurisdictional label—a shift that accelerated after *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006), and that was applied in the tax context in *Boechler, P.C. v. Commissioner,* 596 U.S. 199, 203 (2022) (holding the deadline in I.R.C. §6330(d)(1) is nonjurisdictional). The *Culp* court concluded that §6213(a)'s petition-filing deadline is not jurisdictional and is subject to equitable tolling. 75 F.4th at 202, 205. The Second and Sixth Circuits recently followed *Culp*. *Buller v. Commissioner*, 160 F.4th 266 (2d Cir. 2025) (amended opinion); *Oquendo v. Commissioner,* 148 F.4th 820 (6th Cir. 2025).

-4-

But even after the Supreme Court revised its approach to determining what is jurisdictional, this Circuit and three others—the Seventh, Tenth, and Eleventh Circuits—have continued to hold the petition-filing deadline in §6213(a) *is* jurisdictional.[2] *See Organic Cannabis Found., LLC v. Commissioner,* 962 F.3d 1082, 1093 (9th Cir. 2020); *Tilden v. Commissioner*, 846 F.3d 882, 887 (7th Cir. 2017); *Mabbett v. Commissioner*, 610 F. App'x 760, 765 & n.7 (10th Cir. 2015) (explaining that "[Section] 6213(a) does provide a clear statement indicating Congress's intent to make its time limits jurisdictional and does speak to the Tax Court's 'jurisdiction' to decide petitions for redetermination."); *Allen v. Commissioner*, No. 22-12537, 2022 WL 17825934, at *2 (11th Cir. Dec. 21, 2022); s*ee also Atighi v. Commissioner*, No. 21-71417, 2022 WL 17223046, at *1 (9th Cir. Nov. 25, 2022) (still applying prior precedent after *Boechler*).  Thus, among the courts of appeals that have considered the issue since the Supreme Court has tightened its approach to determining whether a requirement

---

[2] The §6213(a) jurisdictional question and equitable tolling question are also presented in another case pending in this court: *O'Neill v. Commissioner*, 25-5250 (9th Cir.).  Unfortunately, in the *O'Neill* briefing, the Commissioner overlooked *Mabbett*.  This brief corrects that error.

is jurisdictional, four circuits have held the petition-filing deadline in §6213(a) is jurisdictional, and three circuits have held it is nonjurisdictional. The overall split is now nine circuits holding the petition-filing deadline is jurisdictional and three circuits holding it is nonjurisdictional.[3]

Other taxpayers, urging the courts to follow *Culp*, have now questioned the jurisdictional status of §6213(a)'s filing deadline (and whether equitable tolling applies) in multiple circuits. Thus, similar appeals are pending in the First, Fourth, Seventh, Eighth, Tenth, and Eleventh Circuits.

## B. Factual background and proceedings below

Taxpayer failed to file a timely tax return for tax year 2021. (ER-20; ER-10.) On March 3, 2025, the IRS sent by certified mail a notice of deficiency for 2021, which calculated taxpayer had failed to report $13,344 in total tax liability for that year—which even after the application of payments resulted in a deficiency (including a failure to file penalty). (ER-10–13.) Taxpayer generally would have had 90 days

---

[3] The Federal Circuit would not be expected to be directly presented with the issue.

from the date of mailing to file a Tax Court petition challenging that determination. *See* I.R.C. §6213(a). But because 90 days from March 3, 2025, would have fallen on a Sunday, the deadline moved to the following business day: June 2, 2025. *Id.*

On June 23, 2025, taxpayer electronically filed a petition with the Tax Court. (ER-19–20.) On August 14, 2025, the Commissioner moved to dismiss for lack of jurisdiction because taxpayer's petition was untimely. (ER-6–9.) Taxpayer (pro se below) responded and explained that (i) she had now filed a tax return, and (ii) her return claimed she was owed a refund. (ER-17.) Taxpayer also mentioned that she suffered a stroke "in November 2020," which she claimed "materially impaired her ability to manage her tax affairs." (ER-17.) She argued her late filing caused no harm, timely filing should not be considered a jurisdictional requirement, and equitable tolling should apply. (ER-17–18.)

On November 4, 2025, the Tax Court (Chief Judge Urda) issued an order concluding taxpayer's petition was not timely and dismissed her petition for lack of jurisdiction in accordance with precedent. (ER-3–5.) The court's conclusion that it lacked jurisdiction also necessarily meant

-7-

equitable tolling was unavailable.  (ER-4.)  This appeal followed.  (ER-22–28.)

## SUMMARY OF ARGUMENT

**1.**  Longstanding precedent establishes that §6213(a)'s petition-filing deadline is a jurisdictional limitation that cannot be equitably tolled.  Section 6213(a)'s text, context, and relevant history together make clear that its filing deadline is jurisdictional.  Section 6213(a)'s first sentence both creates a new cause of action and simultaneously grants the Tax Court power to review a deficiency determination, and the petition-filing deadline applies equally to both the cause of action and the grant of jurisdiction.  The jurisdictional significance of the petition-filing deadline in the first sentence of §6213(a) is reinforced by other parts of §6213, a raft of related statutory provisions, and a century of history—all of which show Congress used the petition-filing deadline to allocate power between the IRS and the Tax Court and balance the government's compelling need for revenue against a taxpayer's desire for a prepayment remedy.

Treating the deadline as nonjurisdictional would create serious confusion regarding how interconnected provisions designed around a

-8-

firm petition-filing deadline operate. And due to §7459(d), treating the deadline as nonjurisdictional would also seriously prejudice the bulk of taxpayers filing untimely petitions who will not qualify for equitable tolling. Under §7459(d), a nonjurisdictional dismissal results in the entry of a decision and order that the deficiency is the amount previously determined by the Secretary. That decision, like all Tax Court decisions, is then res judicata. Consequently, even assuming arguendo that the deadline could be equitably tolled, any taxpayer who files an untimely petition and does not receive equitable tolling would not be able to challenge such tax liabilities later in another forum— leading to a strangely harsh consequence. Thus, dismissing untimely petitions for lack of jurisdiction actually *protects* uninformed taxpayers from unintentionally forfeiting their rights to later seek relief. A jurisdictional dismissal also *protects* the fisc from potentially having to defend otherwise stale refund claims, because the petition-filing deadline in §6213(a) is the only statutory deadline that prevents taxpayers from using an untimely Tax Court petition to demand otherwise time-barred refunds.

**2.** If this Court holds the filing deadline in §6213(a) is nonjurisdictional, the Court should nonetheless hold that the filing deadline cannot be equitably tolled. Treating this important statutory deadline as flexible would destabilize a system that demands certainty and might lure taxpayers who would not meet the high bar for tolling into filing late petitions to their detriment. While there is a presumption that nonjurisdictional deadlines may be tolled, §6213(a)'s deadline is like other deadlines that have overcome that presumption. *See United States v. Brockamp*, 519 U.S. 347, 354 (1997) (holding the deadline in I.R.C. §6511 could not be equitably tolled). And permitting taxpayers to file late Tax Court petitions would also allow an obvious, potential end-run around the otherwise strict statutory refund deadlines the Supreme Court held were absolute in *Brockamp*. Thus, here, there is good reason to believe Congress did not intend tolling to be available.

-10-

## ARGUMENT

**The Tax Court correctly dismissed taxpayer's untimely petition because §6213(a)'s deadline is jurisdictional and cannot be equitably tolled**

### Standard of review

In Tax Court cases, this Court reviews legal questions de novo and reviews questions of fact for clear error. *DHL Corp. and Subs. v. Commissioner*, 285 F.3d 1210, 1216 (9th Cir. 2002); *see* I.R.C. §7482(a)(1). This Court "review[s] dismissals by the Tax Court for lack of jurisdiction *de novo.*" *Duggan v. Commissioner*, 879 F.3d 1029, 1031 (9th Cir. 2018).

### A. The Tax Court did not err in dismissing taxpayer's petition because her arguments are foreclosed by precedent

**1.** Taxpayer argues on appeal (Br.16, 46) (1) that the petition-filing deadline in §6213(a) is nonjurisdictional and (2) that equitable tolling is allowed. But both arguments are foreclosed by this Circuit's recent, published precedent. *See Organic Cannabis*, 962 F.3d at 1092, 1095. In *Organic Cannabis*, this Court revisited its prior precedents in light of the Supreme Court's recent efforts to bring discipline to the use of the jurisdictional label. *See id.* at 1093 (citing *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013); additional citations omitted).

-11-

And this Court then firmly held that the filing deadline in §6213(a) is jurisdictional, which also means that it cannot be equitably tolled. *Id.* at 1092, 1095.

Taxpayer and amicus both argue on appeal that *Organic Cannabis* is not good law based on intervening Supreme Court precedent, in particular *Boechler, P.C. v. Commissioner,* 596 U.S. 199 (2022). (Br.2, 16-17, 22-39; Am.Br.2, 17.) To try to get around *Organic Cannabis*, taxpayer also cites (Br.2, 16-17, 29) a Ninth Circuit en banc opinion, *Stein v. Kaiser Found. Health Plan, Inc.*, 115 F.4th 1244 (9th Cir. 2024) (en banc). But taxpayer and amicus are mistaken. *Organic Cannabis* has not been overruled (or abrogated) by intervening Supreme Court or Circuit precedent. Thus, *Organic Cannabis* must still be followed by the panel here, and it fully resolves this case.

As to intervening authority, taxpayer says (Br.22) that §6213(a) "is not jurisdictional because it does not contain a clear statement," and that "if there were ever any doubt on the question, the Supreme Court's recent decisions in *Boechler*, *Harrow*, and *Wilkins* dispelled it." (Br.22.) In the same vein, taxpayer similarly claims that "[o]ver the last five years, the Supreme Court has decided a series of cases that have

-12-

refined and 'reinvigorat[ed] … the clear statement rule.'" (Br.16 (quoting *Stein*, 115 F.4th at 1247).) But taxpayer's statements are misleading. In truth, the Supreme Court is still applying the same, more disciplined approach to jurisdiction today that it has applied since *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006). The more recent Supreme Court decisions taxpayer cites (Br.22), *Boechler*, *Wilkins*, and *Harrow*, do not represent a change of approach to determining whether a requirement is jurisdictional; all three cases quote from *Arbaugh* and apply *Arbaugh's* clear statement rule as the test for whether a requirement is jurisdictional.[4] *See Harrow v. Dep't of Def.*, 601 U.S. 480, 484 (2024) (quoting *Boechler*, 596 U.S. at 203 (quoting *Arbaugh*, 546 U.S. at 515)); *Wilkins v. United States*, 598 U.S. 152, 156-57 (2023) (same); *Boechler,* 596 U.S. at 203 (quoting *Arbaugh*, 546 U.S. at 515). Although the Supreme Court in *Boechler* held a filing deadline in another tax statute (I.R.C. §6330) was nonjurisdictional for the first time, that decision is not sufficient reason to disturb this Court's ruling regarding a separate statute: §6213(a). Section 6330 not only has

---

[4] Nor, for that matter, have other Supreme Court cases since *Organic Cannabis* changed the test for what is jurisdictional.

meaningfully different statutory text than §6213(a), but it lacks the critical statutory context and long history of §6213(a).

This Court in *Organic Cannabis* already reconsidered the question whether §6213(a)'s petition-filing deadline is jurisdictional based on the Supreme Court's modern approach to what constitutes a jurisdictional limitation. *See Organic Cannabis*, 962 F.3d at 1092, 1095. And intervening Supreme Court precedent has not changed the test for what is jurisdictional. It thus remains true that *Organic Cannabis* was correctly decided, and this Court should continue to hold that: (i) §6213(a)'s petition-filing deadline is jurisdictional and (2) equitable tolling is not allowed. That result reflects the best reading of the statutory text; it still comports with the Supreme Court's modern approach to jurisdiction; and it is the only result that keeps an intricate statutory scheme functioning as Congress intended. Put simply, *Organic Cannabis* should not be revisited absent en banc review because no Supreme Court authority since *Organic Cannabis* directs a different result or is clearly irreconcilable—and that includes *Boechler*, *Wilkins*, and *Harrow*.

-14-

Taxpayer is also incorrect in her representation that this Court's en banc opinion in *Stein* effectively overruled *Organic Cannabis*. Taxpayer describes *Stein* as holding that "recent" Supreme Court cases from "the last five years"—*i.e.*, "*Boechler* and its progeny"—have "refined" or "reinvigorated" the Supreme Court's jurisdictional clear statement rule such that prior Ninth Circuit decisions have once again been overruled. (*See* Br.2, 16-17, 29.) But that is not what *Stein* says, nor is it a reasonable reading of *Stein*.

*Stein* says that certain prior precedents from other circuits, "like [two Ninth Circuit precedents,] *Hughes* and *Hartpence*,[5] … predate[d] the Supreme Court's reinvigoration of the clear-statement rule and did not engage in any independent analysis of the jurisdictional question." *Stein*, 115 F.4th at 1247. That statement, even if read strictly literally, might mean that decisions from 2001, 2004, 2009, 2015, and 2017 predate some newly revised approach, which does not necessarily mean that the 2020 *Organic Cannabis* opinion would be affected. But, when the *Stein* Court's statement is taken in context, the meaning is quite

---

[5] *United States ex rel. Lugan v. Hughes Aircraft Co.* (*Hughes*), 243 F.3d 1181 (9th Cir. 2001); *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015) (en banc).

different from what taxpayer suggests.  What *Stein* was actually conveying was not that the Supreme Court had again changed its approach to jurisdiction, but that certain lines of authority (represented by the cited opinions) had continued to rely on outdated reasoning long after the Supreme Court modernized its new approach to jurisdiction. Thus, those opinions were still due to be reconsidered in light of the Supreme Court's new approach to jurisdiction.

This Court, for instance, criticized its 2015 *Hartpence* en banc opinion for blindly following the earlier 2001 *Hughes* analysis without any new or critical reasoning regarding whether the rule at issue was jurisdictional in light of the Supreme Court's new approach to jurisdiction.  115 F.4th at 1246.  This Court stated, while quoting the Supreme Court's 2013 opinion in *Auburn Reg'l Med. Ctr.*: "Since *Hughes* and *Hartpence*, the Supreme Court has repeatedly cautioned against the 'profligate use of the term jurisdiction.'"  *Stein*, 115 F.4th at 1246 (quoting *Auburn Reg'l Med. Ctr.*, 568 U.S. at 153; internal quotation marks omitted).  This statement clearly indicated that *Stein* concluded the reasoning in both *Hughes* and *Hartpence* (which merely parroted *Hughes*) dated from before the Supreme Court's new approach to

-16-

jurisdiction—an approach that had been re-invigorated earlier (in fact, even before the 2013 *Auburn Reg'l Med. Ctr.* opinion *Stein* cited).

Furthermore, while this Court's succinct explanation of the Supreme Court's jurisdictional case law in *Stein* happened to skew toward newer case citations, *see* 115 F.4th at 1246, *Stein* did not hold that the Supreme Court had once again revised its approach to what is considered jurisdictional in the years after *Organic Cannabis*. For instance, when this Court mentioned that, "[j]ust last year, the Court again sought 'to bring some discipline' to the overly expansive and 'sometimes-loose use' of this term," this Court was merely quoting from a recent opinion, which itself was quoting from (and citing to) a 2011 Supreme Court opinion. *See* 115 F.4th at 1246 (quoting *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 298 (2023) (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).) The same is true of *Stein*'s references to other recent Supreme Court opinions. Citing newer cases does not mean prior cases are overruled. At base, all this Court was truly referencing in *Stein* was *Arbaugh*'s clear statement rule. Quoting from a recent opinion that was quoting from *Boechler*, without attributing the internal quote to

*Arbaugh*, does not mean the law has changed since *Arbaugh*. *See* 115 F.4th at 1246 (quoting *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) (quoting *Boechler*, 596 U.S. at 203)). In fact, the key phrase quoted from *Boechler*, "clearly states," was actually plucked from *Arbaugh*. *See Boechler*, 596 U.S. at 203 ("To that end, we treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is." (quoting *Arbaugh*, 546 U.S. at 515)).

Thus, *Stein* merely recognized the reality that the Supreme Court has adopted a new approach to jurisdiction in recent *decades* (not the past few years). *Stein* does not hold the new approach has been further amended in the last five years. Thus, nothing in *Stein* supports the view that the Supreme Court has changed its approach to jurisdiction since this Court decided *Organic Cannabis* in 2020. Under the same framework applicable today, *Organic Cannabis* properly reconsidered whether the petition-filing deadline in §6213(a) is jurisdictional, and concluded that it is. It would not be proper for a panel of this Court to revisit that holding now, based on recent opinions about different statutes.

In sum, *Stein* overruled only *Hughes* and *Hartpence,* the two decisions on which it was focused, that had not employed the post-*Arbaugh* approach to jurisdiction. *Stein* did not purport to overrule *Organic Cannabis*, an unrelated case about a different statutory framework. Indeed, to hold *Stein* overruled *Organic Cannabis* such that *Organic Cannabis* now must be reconsidered would mean all other pre-*Stein* jurisdictional precedents must also be reconsidered. Surely the concise en banc opinion in *Stein* was not intended to have such far reaching consequences as to knock out all of this Circuit's post-*Arbaugh* jurisdictional precedents. Put simply, caselaw, including *Stein*, is clear that the Supreme Court's new approach to jurisdiction arose well over a decade ago. That means the 2020 *Organic Cannabis* decision has not been overruled by intervening precedent "[o]ver the last five years" as taxpayer contends. (Br.16.)

> **B.** **The Tax Court can only exercise jurisdiction Congress confers, and §6213(a) simultaneously grants and limits the Tax Court's deficiency jurisdiction**

If this Court nonetheless should determine that it may revisit *Organic Cannabis*'s holding that the petition-filing deadline in §6213(a) is jurisdictional, this Court should still reaffirm its prior reasoning from

*Organic Cannabis* (and its many earlier precedents) and hold that

§6213(a)'s petition-filing deadline is jurisdictional and cannot be

equitably tolled.

> **1.    Section 6213(a)'s filing deadline is jurisdictional and cannot be equitably tolled**

The Tax Court is a court of "'limited jurisdiction,'" defined wholly

by statute. *Commissioner v. Zuch*, 605 U.S. 422, 428 (2025) (quoting

*Commissioner v. McCoy*, 484 U.S. 3, 7 (1987); I.R.C. §7442). Congress

has provided that the Tax Court only has "such jurisdiction as is

conferred" by the current Tax Code (and certain prior Revenue Acts).

I.R.C. §7442. The Tax Court's specific grant of deficiency jurisdiction—

its initial grant of adjudicatory authority to redetermine deficiencies—

comes from §6213(a), and that grant is limited by the requirement that

a petition is timely filed. *See, e.g.*, *Organic Cannabis*, 962 F.3d at 1092-

95; *Meruelo v. Commissioner*, 691 F.3d 1108, 1115 (9th Cir. 2012);

*Healy v. Commissioner*, 351 F.2d 602, 603 (9th Cir. 1965); *Edward*

*Barron Est. Co. v. Commissioner*, 93 F.2d 751, 753 (9th Cir. 1937); *see*

*also Hallmark Rsch.*, 159 T.C. at 137-41; *accord Baral v. United States*,

528 U.S. 431, 439 n.2 (2000) (noting Tax Court jurisdiction "depends on

the existence of a deficiency" and citing §6213). Section 6213(a), set

forth in full in the Addendum, *infra,* provides in its first sentence:

"Within 90 days … after the notice of deficiency … is mailed …, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency."

For almost a century, courts uniformly held that the petition-filing deadline in §6213(a) limits the Tax Court's deficiency jurisdiction. *See Hallmark Rsch.*, 159 T.C. at 138, 153-61 & App'x (collecting cases). This Court likewise so held. *See, e.g.*, *Di Prospero v. Commissioner*, 176 F.2d 76, 77 (9th Cir. 1949) ("There is, at this late date, little doubt that the 90 day requirement is jurisdictional."). Against that backdrop, Congress repeatedly legislated on the understanding that §6213(a)'s deadline was jurisdictional. *See, e.g.*, H.R. Conf. Rep. No. 105-599, at 289 (1998) (under "Present Law," if a "petition is not filed within [§6213(a)'s] time period, the Tax Court does not have *jurisdiction* to consider the petition" (emphasis added)).

The Supreme Court has identified multiple essential predicates to the Tax Court's deficiency jurisdiction. First, there must be an administrative determination of a deficiency. *See United States v. Price*, 361 U.S. 304, 307 (1960) (interpreting the predecessor of both I.R.C.

-21-

§§6212(a) and 6213(a)).  Second, the IRS must issue a "deficiency

notice."  *See Laing v. United States*, 423 U.S. 161, 165 n.4 (1976).

Third, the taxpayer must file a petition with the Tax Court.  *See U.S. ex*

*rel. Girard Tr. Co. v. Helvering*, 301 U.S. 540, 542 (1937) (citing §272 of

the Revenue Act of 1928).

These prerequisites are all expressly stated or necessarily implied

in §6213(a).[6]  Indeed, both the second and third jurisdictional

prerequisites are expressly mentioned in §6213(a)'s first sentence.  And

the first prerequisite is logically implied by the first sentence of

§6213(a), since notice of a deficiency determination cannot be mailed

until a determination has first been made.  The 90-day petition

deadline, which serves as a fourth jurisdictional prerequisite, is also

stated in §6213(a)'s first sentence.

Thus, the Supreme Court's guidance on §6213(a)'s jurisdictional

status is consistent with the many cases from the Tax Court and

appellate courts holding that §6213(a) confers deficiency jurisdiction

only if the requirements set forth therein, including the petition-filing

---

[6] Section 6212(a) also addresses the ability to make a deficiency
determination.  Sections 6212(a) and 6213(a) were part of the same
statutory subsection until recodification and renumbering in 1954.

deadline, are met. It is unsurprising that the Supreme Court has never directly addressed whether §6213(a)'s filing deadline—which is embedded in the same sentence as the grant of jurisdiction—is a jurisdictional limitation, because, until recently, the circuits had always been unanimous in their construction of the statute.

This Court has repeatedly indicated that §6213(a) (or its direct predecessors) provides the source of the Tax Court's deficiency jurisdiction.[7] *See, e.g.*, *Amazon.com, Inc. v. Commissioner*, 934 F.3d 976, 983 (9th Cir. 2019) ("The tax court had jurisdiction over this action under 26 U.S.C. § 6213(a)."); *see also Meruelo*, 691 F.3d at 1115; *AMERCO, Inc. v. Commissioner*, 979 F.2d 162, 164 (9th Cir. 1992); *U.S. Pumice Supply Co. v. Commissioner*, 308 F.2d 766, 767 (9th Cir. 1962); *Mel Dar Corp. v. Commissioner*, 309 F.2d 525, 527 (9th Cir. 1962).

Moreover, as specifically relevant here, this Court has repeatedly held that the timely filing requirement in what is now the first sentence of §6213(a) is a strict, jurisdictional limitation on the grant of judicial

---

[7] Admittedly, there have occasionally been inconsistent opinions that pointed only to other statutes. *See, e.g.*, *Samueli v. Commissioner*, 661 F.3d 399, 406-07 (9th Cir. 2011) (stating the Tax Court had deficiency jurisdiction under I.R.C. §§6214 and 7442).

-23-

power to redetermine a deficiency, *i.e.*, a limitation on subject matter jurisdiction. *See, e.g.*, *Edward Barron Est.*, 93 F.2d at 753 (finding that if a petition was not timely filed "the Board [of Tax Appeals] was without jurisdiction to consider the matter" and "[t]he Board was without power to dispense even on equitable grounds with the statutory requirement that a petition be filed … within the time allowed"); *Healy*, 351 F.2d at 603 (explaining timely filing is a jurisdictional requirement that is inflexible "no matter how allegedly inequitable the situation"); *see also Organic Cannabis,* 962 F.3d at 1092-95.

Taxpayer essentially shrugs off *Organic Cannabis* and this Court's many prior precedents along with it, but taxpayer's analysis is not fulsome or fair. Even in this Court's 1937 opinion in *Edward Barron Estate*, it is reasonably clear this Court was not using the word jurisdiction in some loose or vague way but in the sense of subject matter jurisdiction. In *Edward Barron Estate*, this Court not only held that the petition-filing deadline in what is now §6213(a) is a jurisdictional limitation but also (i) that the petition-filing deadline is "not merely procedural," 93 F.2d at 753 (internal quotation marks and citation omitted), and (ii) that the then-Board of Tax Appeals "was

-24-

without power to dispense even on equitable grounds with the statutory requirement that a petition be filed … within the time allowed." *Accord Healy*, 351 F.2d 602. And this Court's published precedents align with the longstanding majority view of the courts of appeals, which should not be tossed aside lightly. This Court should still hold—as it has for decades and did recently in *Organic Cannabis*—that §6213(a)'s 90-day petition-filing deadline is a jurisdictional limitation. That deadline and the grant of jurisdiction are in the same sentence with no intervening parenthetical or vague antecedent—which is more than mere proximity.

### 2.    Text, context, and historical treatment make clear that the 90-day deadline is jurisdictional

Under the Supreme Court's modern approach to evaluating whether a statutory deadline is jurisdictional, courts must inquire "whether Congress has clearly stated that" a rule is jurisdictional. *Boechler*, 596 U.S. at 204. While this approach is sometimes referred to as the clear-statement rule, that phrasing is a bit of a misnomer. "Congress need not incant magic words," and the absence of the word "jurisdiction" is not necessarily dispositive. *Id.* at 203 (internal quotation marks and citation omitted); *see Organic Cannabis,* 962 F.3d at 1093 (citing *Auburn Reg'l Med. Ctr.,* 568 U.S. at 153). Ultimately,

-25-

the question is whether there is a sufficiently "clear indication that Congress wanted the rule to be jurisdictional." *Henderson,* 562 U.S. at 435-36 (internal quotation marks and citation omitted).

While this inquiry begins with the text, it does not end there. *See Boechler,* 596 U.S. at 204. Courts must also consider a provision's "broader statutory context," *id.* at 206, and its "relevant historical treatment," *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) ("looking to … text, context, and relevant history treatment"). *See also MOAC Mall Holdings LLC*, 598 U.S. at 300, 302 (looking to "statutory context" and for "contextual clues"); *United States v. Kwai Fun Wong*, 575 U.S. 402, 410-12 (2015) (considering "legislative history"). While "'most time bars'" fall short of the jurisdictional threshold, *Harrow*, 601 U.S. at 484 (quoting *Wong*, 575 U.S. at 410), some overcome it. Section 6213(a) falls on the jurisdictional side of the line.

> **a. The text: Congress put the jurisdictional grant and the petition filing deadline in the same sentence**

**1.** The first sentence of §6213(a) provides both the taxpayer's right of action and the Tax Court's grant of deficiency jurisdiction (its ability to "redetermin[e] … the deficiency"). Both are created in the

same breath, and the filing deadline in the same sentence applies equally to both (the cause of action and the grant of jurisdiction).[8]  This is how Congress has granted deficiency jurisdiction since 1926.  Although §6213(a)'s first sentence does not use the word "jurisdiction," it does not have to.  Magic words are not required.  But what the plain text does is provide for (1) judicial review (2) by a particular court (3) of a particular type of administrative determination—it just does so using tax law jargon.  The first sentence of §6213(a) thus clearly provides judicial review authority (adjudicatory authority), which means it grants jurisdiction.

Although a grant of jurisdiction must be expressed in statutory text, the grant can be made without using the word jurisdiction. *See Madrigal v. Holder*, 572 F.3d 239, 242 (6th Cir. 2009).  Indeed, the Supreme Court recently confirmed that 8 U.S.C. §1252(a)(1)'s reference to judicial review is a grant of jurisdiction.  *Monsalvo Velazquez v.*

---

[8] While proximity alone may not carry the day, *see Auburn Reg'l Med. Ctr.*, 568 U.S. at 155, this textual overlap is evidence that Congress intended the filing deadline to have jurisdictional effect. *See Henderson*, 562 U.S. at 439-40 ("placement" can "provide some indication of Congress's intent").

*Bondi*, 604 U.S. 712, 720 (2025).[9]  So too here.  Section 6213(a)'s statutory grant of authority to redetermine (*i.e.*, review) a prior deficiency determination confers jurisdiction, provided all other statutory requirements are met.  Section 6213(a) thus authorizes judicial review by the Tax Court and, in doing so, demarcates the Tax Court's power.

**2.**  Section 6213(a) has important textual differences from the filing deadline in §6330(d)(1) that the Supreme Court analyzed in *Boechler*.  The time limit in §6330(d)(1)—which restricts post-assessment review of administrative collection actions in Tax Court—was held to be critically severed from the "jurisdictional language" that appears in a "parenthetical at the end of the sentence."  *Boechler*, 596 U.S. at 204; *see also id.* at 205-06 (repeatedly emphasizing the significance of the parenthetical).  And the jurisdictional parenthetical included a particularly vague phrase, "such matter," which lacked a clear antecedent outside the parenthetical.  *Id.* at 200, 204-05.  In contrast, in §6213(a), the link between the filing deadline and

---

[9] A time limit in a separate subsection (8 U.S.C. §1252(b)(1)) is nonjurisdictional.  *Riley v. Bondi*, 606 U.S. 259 (2025).

jurisdictional grant is not severed by a parenthetical with an unclear antecedent. Rather, the taxpayer's cause of action and the jurisdictional grant overlap, and the filing deadline, which appears in the same sentence, applies equally to both.

**3.** In creating the cause of action, §6213(a) also simultaneously waives sovereign immunity to allow Tax Court review. The petition-filing deadline in the first sentence of §6213(a) limits that waiver of sovereign immunity, and thus limits the court's subject matter jurisdiction. *See Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 49, 53-54 (2024) (explaining sovereign immunity may be simultaneously waived by statutes creating causes of action against the government); *United States v. Miller*, 604 U.S. 518, 527 (2025) (explaining "sovereign immunity is jurisdictional in nature" (cleaned up)). To hold otherwise would ignore the other longstanding clear-statement rule: the rule that waivers of sovereign immunity, like §6213(a), "must be unequivocally expressed in statutory text" and "strictly construed, in terms of [their] scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *see also Miller*, 604 U.S. at 527-28. While this sovereign-immunity clear-statement rule may not

insulate §6213(a) from the other jurisdictional clear-statement rule, *see Wilkins*, 598 U.S. at 158 n.3, this Court should still resist any reading of §6213(a) that would enlarge the waiver of sovereign immunity in a way Congress did not expressly authorize. *See, e.g.*, *United States v. Dalm*, 494 U.S. 596, 608 (1990).

As explained *infra,* pp.30-37, no other statute contains an initial grant of deficiency jurisdiction. But even assuming arguendo that a different statute could reasonably be read to contain the initial grant of deficiency jurisdiction, §6213(a) would still be the only statute that creates a cause of action that enables a taxpayer to pursue a tax claim by filing a petition in the Tax Court, and §6213(a) is the only statute that, in doing so, waives sovereign immunity to permit such an action. For that reason, §6213(a)'s limitations—which both limit the authorized cause of action and scope of the resulting waiver to petitions filed within §6213(a)'s strict statutory deadline—still restricts the Tax Court's jurisdiction. *Cf. Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (28 U.S.C. §1331 only provides federal question jurisdiction, not the necessary waiver of sovereign immunity for a suit against the Government). Thus, for that reason too, the Tax Court could not act on

Case: 26-944, 07/29/2026, DktEntry: 32.1, (43 of 106)

-30-

Dorondo's untimely petition; it was simply required to dismiss it for lack of jurisdiction.

**4.** Congress has granted the Tax Court (or its predecessor) deficiency jurisdiction in the same way since 1926. *See* Revenue Act of 1926, Pub. L. No. 69-20, §274(a), 44 Stat. 9, 55 ("1926 Act") ("Within 60 days after [the notice] is mailed … the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency"). Originally, the Revenue Act of 1924 provided that "[t]he Board and its divisions shall hear and determine appeals filed under" four statutes, including §6213(a)'s predecessor, then numbered as §274(a). Revenue Act of 1924, Pub. L. No. 68-176, §900(e), 43 Stat. 253, 337 ("1924 Act"). In 1924, §274(a), in turn, said that "[w]ithin 60 days after [the notice of deficiency] is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900." 1924 Act, §274(a), 43 Stat. at 297.

Two years later, however, the 1926 Act struck the "hear and determine" language from §900(e) and replaced it with generic jurisdictional language like that used in its successor, I.R.C. §7442, today: "[t]he Board … shall have such jurisdiction as is conferred … by

Title II and Title III of the Revenue Act of 1926 or by subsequent laws."
1926 Act, §904, 44 Stat. at 106; *compare* I.R.C. §7442; *see also* H.
Comm. on Ways and Means, 69th Cong., *Comparison of the Revenue Acts of 1924 and 1926*, at 178 (prepared by Clayton F. Moore).
Congress at the same time amended §274(a) to provide that "[w]ithin 60 days after [the notice of deficiency] is mailed … the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency." 1926 Act, §274(a), 44 Stat. at 55.

By striking the "hear and determine appeals" language from §900(e) of the 1924 Act, the 1926 Act erased what had been the express grant of power over deficiency disputes. Yet Congress kept the taxpayer's right to petition in §274(a) and further clarified that the Board of Tax Appeals, upon petition, now had the specific power to "redetermin[e] … the deficiency," not just hear "an appeal." Unpacking the tax terminology, that text clearly retained, using slightly different words, the power of the Board of Tax Appeals (and later its successor the Tax Court) to review a prior administrative determination (*i.e.*, redetermine a deficiency).

-32-

Thus, in 1926, the cause of action, the jurisdictional grant, and the jurisdiction-limiting deadline were all fused in the same sentence, as they remain today.[10] And because §6213(a)'s filing deadline is intertwined with the jurisdictional grant, it is unlike other filing deadlines the Supreme Court has held are claims-processing rules because they are separated from the relevant jurisdictional grants. *See, e.g., Wong,* 575 U.S. at 411-12 (jurisdictional grant in 28 U.S.C. §1346(b)(1), time limit in 28 U.S.C. §2401(b)); *Henderson,* 562 U.S. at 431-32, 439 (jurisdictional grant in 38 U.S.C. §7252(a), filing deadline in 38 U.S.C. §7266(a)).

**5.** Taxpayer contests this framework and seeks to get around the historic understanding that §6213(a) provides the grant of initial deficiency jurisdiction by pointing instead to I.R.C. §§6214(a), 6512(b), and 7442 as potential sources of the Tax Court's deficiency jurisdiction. (Br.10, 24-26 & n.2.) Taxpayer argues (Br.24) that §6213(a)'s first sentence is not the relevant grant of jurisdiction because it "never mentions jurisdiction" and asserts that "the Tax Court's jurisdiction to

---

[10] This provision was renumbered to §272(a) in the Revenue Act of 1928.

redetermine deficiencies arises from other statutory provisions, not section 6213(a)." Taxpayer is wrong. While it is true the first sentence of §6213(a) does not use the magic word jurisdiction, it does not have to. Even without using the word jurisdiction, §6213(a) clearly authorizes judicial review by the Tax Court and, in doing so, demarcates the Tax Court's power. Section 6213(a) thus provides the *initial* grant of deficiency jurisdiction. No other Code provision provides the *initial* grant of deficiency jurisdiction. Sections 6214(a) and 6512(b) merely provide additional or supplemental jurisdiction after the Tax Court has already obtained its initial deficiency jurisdiction. And §7442 does not grant deficiency jurisdiction either (or any specific jurisdiction for that matter).

Starting with §6214(a), its text must be read as a whole, including with the internal title of subsection (a), which indicates it is about "[j]urisdiction as to increase of deficiency, additional amounts, or additions to the tax."[11] When read as a whole, it becomes clear §6214(a) pertains only to expanding the Tax Court's existing deficiency

---

[11] *See Rudisill v. McDonough*, 601 U.S. 294, 309 (2024) ("[H]eadings supply cues as to what Congress intended." (cleaned up)).

-34-

jurisdiction to cover additional amounts asserted by the Commissioner *after* the Tax Court already has deficiency jurisdiction. Section 6214(a) gives the Tax Court "jurisdiction to redetermine the correct amount of the deficiency *even if* the amount so redetermined *is greater* than the amount of the deficiency" stated in the notice of deficiency, *but only* "if [a] claim therefor is asserted by the Secretary at or before the hearing or rehearing." I.R.C. §6214(a) (emphasis added). Notably, the final "if" clause applies to all the preceding text; thus, all of §6214(a) applies *only if* the Commissioner asserts an additional claim. But before the Commissioner can assert an additional claim, the Tax Court must already have deficiency jurisdiction.

Case law reflects this understanding of §6214(a). For instance, the Supreme Court has explained that §6214(a)'s direct predecessor, §274(e) of the 1926 Act, merely "enlarged the *original* jurisdiction of the Board of Tax Appeals to consider deficiencies beyond those shown in the Commissioner's notice, *if* the Commissioner made such a claim at or before the hearing." *Old Colony Tr. Co. v. Commissioner*, 279 U.S. 716, 722 (1929) (emphasis added); *see also Gen. Water Heater Corp. v. Commissioner*, 42 F.2d 419, 420 (9th Cir. 1930) (explaining that based

on an amended answer provided by the Commissioner at a hearing, the

Board of Tax Appeals was then also "give[n] jurisdiction … to consider

the claim of the Commissioner for an increase[d] tax based upon a

further reduction of the deductions").  Section 6214(a) thus provides

only an additional or supplemental grant of jurisdiction.  *See Hallmark*

*Rsch.*, 159 T.C. at 165.  This means that "[t]he fundamental grant of

deficiency jurisdiction [must be] in section 6213(a)."  *Id.*

Taxpayer also suggests (*see* Br.10, 24-26, 39) that I.R.C. §6512(b)

grants deficiency jurisdiction, but that statute is not the initial grant of

deficiency jurisdiction either.  It is simply a grant of supplemental

overpayment and refund jurisdiction that the Tax Court can exercise

only if it first has deficiency jurisdiction.  *See Est. of Branson v.*

*Commissioner,* 264 F.3d 904, 910, 913 (9th Cir. 2001) (§6512(b) gives

the Tax Court jurisdiction to determine overpayments "where the

jurisdiction of the Tax Court is properly invoked" under §6213).  To be

sure, several other statutes also speak to other aspects of the Tax

Court's deficiency jurisdiction, either adding to it or subtracting from it.

*See, e.g.*, I.R.C. §§6214(b); 6512(a).  But these other statutes only

address what the Tax Court can do after it *already has* deficiency jurisdiction.

The only other possible source for the Tax Court's initial deficiency jurisdiction is I.R.C. §7442. But §7442 simply discusses the Tax Court as having "such jurisdiction" as is granted by the current Code (and some prior Revenue Acts). And §7442 also specifies that certain Revenue Acts since 1926 are still effective (which might matter for earlier periods). Thus, §7442 is not a standalone grant of deficiency jurisdiction, nor does it mention deficiency jurisdiction or the power to redetermine deficiencies.

Like all appellate courts, this Court has a duty to assure itself of subject matter jurisdiction—both its own and the lower court's. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). And this case cannot be remanded unless the Tax Court has jurisdiction. But since §§6214(a), 6512(b), and 7442 do not grant deficiency jurisdiction, as we have explained, the only statute that could provide the initial grant of deficiency jurisdiction is §6213(a)—a result which comports with a century of precedent before *Culp*. And, incredibly, *Culp*, *Buller*, and *Oquendo* all failed to identify what statute was the source of the Tax

Court's initial deficiency jurisdiction, leaving a hole in their reasoning. To avoid the same error, this Court should identify what statute provides the initial grant of deficiency jurisdiction—and it is §6213(a).

Furthermore, the result taxpayer and amicus argue for—that the Tax Court has jurisdiction even over an untimely petition—would mean that the Tax Court indefinitely retains deficiency jurisdiction, even after the injunction on assessment and collection has been lifted and even after the tax may have been assessed, collected, and paid. And it would mean that the Tax Court would also indefinitely retain its related refund jurisdiction. *See* I.R.C. §§6213(a), 6512(b). That refund jurisdiction would necessarily cover any payments made after a notice of deficiency is issued (and could cover some earlier payments as well).[12] *See* I.R.C. §6512(b)(3)(A)–(C). But Congress has primarily vested jurisdiction to order tax refunds in the district courts and the Court of Federal Claims, subject to rigorous preconditions, including strict time

---

[12] Taxpayers would presumably still need to prevail as to whether there was a deficiency—a claim that might be time barred—before the Tax Court could find that they made an overpayment or were entitled to a refund of such item.

limits. *See* 28 U.S.C. §1346(a); *United States v. Clintwood Elkhorn Min. Co.,* 553 U.S. 1, 8 (2008).

The Fourth Circuit has pointed out the fundamental problem that might occur if taxpayers could pursue refund claims in the Tax Court many years after they make their payments—which only the statutory petition-filing deadline in §6213(a) appears to stop.[13] *See Lundy v. I.R.S.*, 45 F.3d 856, 861 n.8, 866 (4th Cir. 1995) (discussing the potential problem if a taxpayer were allowed to "delay indefinitely his response to a notice of deficiency" which would "raise[] the specter that a taxpayer … could wait ten or twenty years before … claiming his refund in Tax Court"), *rev'd sub nom. on other grounds, Commissioner v. Lundy*, 516 U.S. 235 (1996). Thus, the proper interpretation of §6213(a) is that it imposes a strict, jurisdictional time limit, which if not met means a "taxpayer cannot invoke the jurisdiction of the Tax Court," including its refund jurisdiction. *Lundy*, 45 F.3d at 866. Any other holding would allow a taxpayer with an expired "ticket to the Tax

---

[13] Though to succeed, a taxpayer might also need to obtain equitable tolling to challenge any deficiency amounts—else such deficiency amounts having already been determined would limit the amount of any overpayment or refund.

Court" to make an obvious end-run around the Code's otherwise strict time limits for pursuing refunds—thus, allowing taxpayers a new, second chance at a refund. A taxpayer who misses the deadline to petition the Tax Court and later wishes to seek a refund should instead have to pursue their claim via an ordinary refund claim and, if necessary, refund suit, and abide by the strict time limits in I.R.C. §6511. Put simply, Congress did not intend I.R.C. §6512(b) to indefinitely authorize the Tax Court to issue refunds—and it is the strict petition-filing deadline in I.R.C. §6213(a) that prevents the Tax Court from ordering the payment of otherwise stale refund claims.

> **b.** **Context: §6213(a)'s unique role in our tax scheme shows that the deadline limits the Tax Court's power**

The second pillar of the clear-statement rule is context. Our federal tax laws are notoriously "complex." *Bob Jones Univ. v. United States*, 461 U.S. 574, 596 (1983). "[I]n a setting as complex as that of the revenue acts," "the true meaning of a single section of a statute … cannot be ascertained" without also examining "related sections" and "the history of the income tax legislation of which it is an integral part."

-40-

*Commissioner v. Engle*, 464 U.S. 206, 223 (1984) (internal quotation marks and citation omitted).

Not only does a holistic reading of §6213 itself reinforce the jurisdictional nature of the filing deadline, *see Hibbs v. Winn*, 542 U.S. 88, 101 (2004), but the constellation of related tax statutes—*i.e.*, the entire statutory scheme—confirms Congress intended it to be jurisdictional.

> **(i)** **If a timely petition is not filed by §6213(a)'s deadline, §6213(c) becomes applicable and marks a major shift to a new assessment-and-collection phase**

Section 6213(a)'s petition-filing deadline is a tipping point in tax disputes. When the taxpayer files a timely petition, the Tax Court gains complete control over the disputed tax year, and the taxpayer forfeits other paths to relief. *Commissioner v. Sunnen*, 333 U.S. 591, 598 (1948); *First Nat'l Bank of Chi. v. United States*, 792 F.2d 954, 955-56 (9th Cir. 1986); *see also* I.R.C. §§6512(a), 7422(e). The IRS is also barred from issuing additional deficiency notices, I.R.C. §6212(c)(1), or assessing and collecting the deficiency until after the proceeding ends, §6213(a). But once the Tax Court already has jurisdiction over a tax year, it may determine an increased deficiency (if the Commissioner has

asserted an increased claim), §6214(a); determine whether there has been an overpayment and order refunds, §6512(b); and unwind any improper assessment or collection action that has occurred, §6213(a) (third and fourth sentences).

The Tax Court's decision, once "final," is then binding as to all questions that were decided or might have been decided in the proceeding. *See* I.R.C. §§7481, 7482; *Sunnen*, 333 U.S. at 598; *U.S. ex rel. Girard Tr. Co.*, 301 U.S. at 542 (citing *Old Colony*, 279 U.S. at 726-27); *cf.* I.R.C. §6512(a) (barring successive refund suits after a timely Tax Court petition is filed, and thereby buttressing the finality of such decisions). Once the Tax Court enters its decision, the IRS regains the administrative power to enforce any deficiency upheld by the court, and it is required to assess and collect the amount determined by the Tax Court. I.R.C. §6215(a). The IRS may even immediately pursue collection while the taxpayer appeals, unless he posts a bond. I.R.C. §§7481, 7485(a)(1); *McCoy*, 484 U.S. at 5.

But "[i]f the taxpayer does not file a petition … within the time prescribed in subsection (a)" of §6213, §6213(c) commands that the IRS "shall" assess the deficiency, which "shall be paid upon notice and

demand from the Secretary." Assessment is the formal recording of a taxpayer's tax liability, *Laing,* 423 U.S. at 170 n.13 (citing I.R.C. §6203), after which the IRS may move forward with administrative collection actions. This unequivocal command to assess in §6213(c) simply does not contemplate the uncertainty that would be caused by allowing tolling of the petition-filing deadline.

A plethora of other deadlines that govern tax collection depend on §6213(a)'s deadline being firm. *See* I.R.C. §6303(a) (within 60 days after assessment, IRS "shall … give notice" to the taxpayer and demand payment); §6213(c) (after notice and demand, the amount "shall be paid"); §6321 (tax lien arises); §6331(a) (administrative levy authority). Moreover, the statute of limitations for collection runs from the date of assessment. *See* I.R.C. §6502. Thus, if an assessment's validity can be called into question by a later request for equitable tolling, the clear lines governing assessment and collection fall apart, as do the lines governing when taxpayers can challenge their tax liabilities.

In short, the statutory scheme governing the administrative process of determining, assessing, and collecting tax operates like a Jenga tower of pieces stacked on one another. Disrupting the certainty

that the 90-day deadline to file a Tax Court petition is a firm, jurisdictional limit would cause the tower to topple. It is far from clear what would happen to the powers and obligations (and limitations thereon) that are triggered by, and flow from the date of, assessment if the Tax Court could belatedly accept jurisdiction over a late-filed petition in a manner the Tax Code does not contemplate after the deficiency has already been assessed.

By making the 90-day deadline the outer limit of the Tax Court's deficiency jurisdiction, Congress carefully balanced two opposing interests: (i) the government's compelling need for "the prompt and certain" collection of taxes, *United States v. Rodgers*, 461 U.S. 677, 683 (1983), and (ii) a taxpayer's desire to resolve his tax dispute before paying. This delicate balance would be upended if the Tax Court could exercise deficiency jurisdiction based on untimely petitions.

> **(ii) That Congress made the Tax Court's power to enjoin assessment and collection dependent on a timely petition indicates the petition-filing deadline is jurisdictional**

Congress amended §6213(a)'s third sentence to authorize the Tax Court to enjoin assessment and collection. *See* Technical and

Miscellaneous Revenue Act of 1988, Pub. L. No. 100-647, §6243(a), 102 Stat. 3342, 3749. But §6213(a)'s fourth sentence, the relevant text of which was also added at the same time in 1988, specifies that "[t]he Tax Court shall have no jurisdiction to enjoin any action or proceeding … unless a *timely* petition for a redetermination of the deficiency has been filed[.]" *Id.* (emphasis added). "By also specifying that the Tax Court lacks 'jurisdiction' to issue such an injunction '*unless*' a petition has been filed (and then only if the petition is 'timely'), §6213(a) seems clearly to reflect an understanding that the manner in which the Tax Court *acquires* jurisdiction over a deficiency dispute is through the filing of a 'timely petition.'" *See Organic Cannabis,* 962 F.3d at 1094; *Tilden*, 846 F.3d at 886; *Hallmark Rsch.,* 159 T.C. at 141-42. Indeed, there would otherwise be a strange gap in the Tax Court's jurisdiction.

In *Boechler,* the Supreme Court commented that a similar injunction provision in I.R.C. §6330(e)(1) arguably "strengthen[ed] the Commissioner's argument" that the related Tax Court filing deadline in §6330(d)(1) was jurisdictional. 596 U.S. at 207-08. In *Boechler*, the Court nevertheless held that §6330(d)(1)'s filing deadline was not jurisdictional because the jurisdictional language in §6330(d)(1) was

-45-

separated from the filing deadline via a parenthetical that contained vague language. *Id.* at 200, 204-05. But here, as explained *supra* (pp.25-31), §6213(a)'s filing deadline is intertwined with and not severed from the jurisdictional grant, and the first sentence of §6213(a) is the only viable possibility to be the initial grant of deficiency jurisdiction, *see* pp.30-37, *supra*. Thus, §6213(a)'s fourth sentence further elucidates that §6213(a)'s first sentence is the source of deficiency jurisdiction.

> ### (iii) Special statutory rules allowing later filing in limited situations indicate Congress's understanding that §6213(a)'s deadline cannot be equitably tolled

Congress, over time, has added several statutory provisions as safety valves to give taxpayers relief from §6213(a)'s strict jurisdictional deadline. That Congress concluded §6213(a)'s petition-filing deadline needed so many statutory exceptions evidences Congress's understanding that the deadline is a jurisdictional limitation that courts cannot toll.

Section 6213(a)'s first sentence now excludes "Saturday[s], Sunday[s], or a legal holiday in the District of Columbia as the last day"

of the deficiency petition period.  Congress added this relief with three
separate statutory amendments in 1926 (Sundays), 1934 (Holidays),
and 1945 (Saturdays).  *Hallmark Rsch.*, 159 T.C. at 142-43.  In 1942,
Congress also allowed persons outside the country 150 days to file a
petition.  *Id.* at 143 & n.15, 174.

In 1998, Congress added §6213(a)'s fifth sentence, mandating that
"[a]ny petition filed with the Tax Court on or before the last date
specified for filing such petition by the Secretary in the notice of
deficiency shall be *treated as* timely filed."[14]  I.R.C. §6213(a) (emphasis
added); Internal Revenue Service Restructuring and Reform Act of
1998, Pub. L. No. 105-206, §3463(b), 112 Stat. 685, 767.  Congress
added this "treated as timely" relief for fear that taxpayers might miss
the strict window for invoking the Tax Court's deficiency jurisdiction if
the notice of deficiency states the wrong deadline.  The accompanying
Conference Report illustrates that Congress made this change because
it understood §6213(a)'s filing deadline to be jurisdictional:  "If the

---

[14] Congress also directed the IRS to state the statutory
petition-filing deadline in the notice.  *See* I.R.C. §6212 note (uncodified
statutory provision); Pub. L. No. 105-206, §3463(a), 112 Stat. 685, 767
(1998).

-47-

petition is not filed within that time period, the Tax Court does not have *jurisdiction* to consider the petition."  H.R. Conf. Rep. No. 105-599, at 289 (emphasis added).

Section 6213(f)(1) is another example of Congress acting to protect taxpayers from §6213(a)'s strict deadline.  Both the Tax Court and the Bankruptcy Court can make prepayment determinations.  *See* 11 U.S.C. §505(a)(1).  But filing a bankruptcy petition automatically bars "commencement" of a proceeding in Tax Court for pre-bankruptcy tax liabilities.  11 U.S.C. §362(a)(8).  Section 6213(f)(1) then suspends "the running of the time prescribed by [§6213(a)] for filing a petition in the Tax Court with respect to any deficiency" for the period of the automatic stay "and for 60 days thereafter."  I.R.C. §6213(f)(1).  Section 6213(f)(1) thus preserves the Tax Court's power to later redetermine a deficiency if a taxpayer files for bankruptcy during the deficiency petition window.  *See* S. Rep. No. 96-1035, at 47-48, 50 (1980); H.R. Rep. No. 96-833, at 42-43, 45 (1980).  Without this relief, the automatic stay could cause taxpayers to forfeit access to the Tax Court.  Now, after enactment of §6213(f), Tax Court relief is foreclosed only if the bankruptcy court determines a taxpayer's liability.

That Congress concluded these provisions were needed to address specific conditions that might otherwise merit equitable tolling strongly indicates its understanding that §6213(a)'s filing deadline is jurisdictional and cannot be tolled.

### (iv) Sections 6320 and 6330

Congress has separately empowered the Tax Court to provide prepayment review of tax liabilities in some post-assessment administrative collection disputes. The availability of such post-assessment, prepayment judicial review weighs against taxpayer's expansive view of deficiency jurisdiction. If such post-assessment relief could be inferred from §6213(a) itself, then Congress did not need to expressly allow it in a different statute

Under §§6320 and 6330, the IRS must notify a taxpayer that it has recorded a lien or intends to levy, and the taxpayer can then request an administrative hearing before the IRS's Independent Office of Appeals. *See* I.R.C. §§6320, 6330. At that hearing, the taxpayer may "challenge[ ] the existence or amount of the underlying tax liability," but only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such

tax liability." I.R.C. §6330(c)(2)(B); *accord* I.R.C. §6320(c). If the taxpayer preserves his liability challenge at the hearing, the Tax Court can then review the liability on appeal from the hearing officer's determination. I.R.C. §6330(d)(1).

Thus, since 1998, Congress has provided an exclusive mechanism for post-assessment, pre-payment judicial review for taxpayers who did not previously have an opportunity to challenge a deficiency determination. I.R.C. §§6320(c), 6330(c)(2)(B), (d)(1). "[W]hen Congress enacts a specific remedy when no remedy was previously recognized, or when previous remedies were 'problematic,' the remedy provided is generally regarded as exclusive." *Hinck v. United States*, 550 U.S. 501, 506 (2007) (citation omitted).

### (v) Sections 7481, 7482, and 6512(a)

Provisions and precedent insulating Tax Court decisions from collateral attack confirm Congress's understanding that §6213(a)'s filing deadline is fixed and jurisdictional. When the Tax Court enters a decision, that decision (following exhaustion of any appeals) then becomes "final" and binding. *See* I.R.C. §§7481, 7482; *Old Colony*, 279 U.S. at 726-27 (interpreting predecessors of the current I.R.C. §§7481,

7482).  As such, it has the same res judicata effect as other judicial decisions.  *See Sunnen*, 333 U.S. at 598; *see also Old Colony*, 279 U.S. at 728; *Baker v. I.R.S.* (*In re Baker*), 74 F.3d 906, 910 (9th Cir. 1996).

Section 6512(a) is a separate jurisdictional provision that complements this res judicata effect.  Section 6512(a) provides that if a taxpayer files a petition "*within the time prescribed in section 6213(a),*" then (with some exceptions) "no credit or refund of [the tax] … shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court."  I.R.C. §6512(a) (emphasis added).  Simply put, this subsection deprives a later court of jurisdiction to hear a successive refund suit.  *See, e.g.*, *First Nat'l Bank of Chi.*, 792 F.2d at 955-56 (citing *United States v. Wolf*, 238 F.2d 447, 449 (9th Cir. 1956)); *see also Dalm,* 494 U.S. at 606.  Thus, §6512(a) further reflects Congress's intent that a taxpayer should get only one shot at judicial review of a tax dispute, by providing that if a taxpayer submits to the Tax Court's deficiency jurisdiction, the taxpayer is barred from later seeking an inconsistent refund.[15]

---

[15] In the Commissioner's view, §6512(a) reinforces the jurisdictional nature of §6213(a) by indicating that a petition must be

(continued…)

Taxpayer and amicus incorrectly suggest (Br.40-42 & nn. 4-5; Am.Br.18-23) that §6512(a) creates an exception from res judicata. But they misinterpret §6512(a)—which is solely about jurisdiction and not res judicata. *See First Nat'l Bank of Chi.*, 792 F.2d at 955-56 (citing *Wolf*, 238 F.2d at 449) ("We reverse on the ground that section 6512(a) deprives the district court of jurisdiction to hear the action for refund, and we find it unnecessary to reach the *res judicata* contention."). Section 6512(a) restricts jurisdiction to hear a refund suit if a Tax Court petition is filed within the time Congress prescribed as it explicitly disallows a later suit. *See First Nat'l Bank of Chi.*, 792 F.2d at 955 ("We reverse on the ground that section 6512(a) deprives the district court of jurisdiction to hear the action for refund,…."). But that should not be confused with the separate principle of res judicata, which is about the merits and not about jurisdiction. *See First Nat'l Bank of Chi.*, 792 F.2d at 955-56. That §6512(a) does not address res judicata is also confirmed by the fact that later refund suits are not the only way in which the question of the res judicata effect of a prior Tax Court decision might

---

filed in the time prescribed. Thus, §6512(a) only established a rule for timely filed petitions because there was no need to do so for untimely petitions.

-52-

arise.  A prior Tax Court decision forecloses liability challenges in bankruptcy, in a later collection due process hearing (from an IRS lien or levy), as well as in later collection and foreclosure suits—not simply in refund suits by taxpayers.  *See, e.g.*, *Baker*, 74 F.3d at 910.  Thus, whether §6512(a) applies, or not, says nothing about whether a taxpayer could prevail on the merits in other fora.

### (vi)  Section 7422(e)

Likewise, §7422(e) speaks to the division of judicial power between the Tax Court and other courts when a refund suit is already pending in a district court or the Court of Federal Claims.  If a refund suit has not yet been heard, and a notice of deficiency is issued pertaining to the same tax year that "is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during *the period of time in which the taxpayer may file a petition with the Tax Court* for a redetermination of the asserted deficiency, and for 60 days thereafter."  I.R.C. §7422(e) (emphasis added).  If the taxpayer files a petition in the Tax Court, the refund court then loses jurisdiction to the extent jurisdiction is acquired by the Tax Court.  *Id.*  Thus, §7422(e)—like §6512(a)—marks the beginning of the Tax Court's potential jurisdiction

as the date of the issuance of the notice of deficiency and the end of that potential jurisdiction as the expiration of §6213(a)'s petition-filing deadline. By specifying that other courts may have jurisdiction only outside that period, §7422(e) acknowledges and respects the jurisdictional function of §6213(a)'s petition-filing deadline.

### (vii) Section 7459(d)

**a.** As this Court held in *Organic Cannabis*, 962 F.3d at 1095, I.R.C. §7459(d) offers one of the most cogent examples of how Congress's intent would be distorted and many taxpayers harmed if §6213(a)'s filing deadline were held to be nonjurisdictional. Under §7459(d), if the Tax Court dismisses a deficiency proceeding on jurisdictional grounds, then no binding Tax Court decision is entered, and taxpayers can still have their day in court later. *Hallmark Rsch.,* 159 T.C. at 145. But if the Tax Court dismisses a deficiency proceeding for a nonjurisdictional reason, then the dismissal results in a binding decision on the merits affirming the Commissioner's deficiency determination. I.R.C. §7459(d). In other words, a nonjurisdictional dismissal "operate[s] as an adjudication on the merits" and automatically affirms the Commissioner's determination, which then precludes the taxpayer from

later challenging the Commissioner's determination.  Tax Ct. R. 123(d);

*Organic Cannabis*, 962 F.3d at 1095; *see also United States v.*

*Josephberg,* 562 F.3d 478, 489-90 (2d Cir. 2009).

Admittedly, if §6213(a)'s deadline is nonjurisdictional and

equitable tolling is available, a limited subset of late-filing taxpayers

that qualify for equitable tolling *may* benefit.  But most taxpayers will

not meet the high bar for equitable tolling.  *See Lozano v. Montoya*

*Alvarez,* 572 U.S. 1, 10 (2014) (explaining factors required for equitable

tolling).  For that majority, a late Tax Court filing will result in a

nonjurisdictional dismissal that constitutes a negative decision on the

merits that is "final," binding, and res judicata as to the amount owed.

*See* I.R.C. §§7459(d), 7481, 7482; *Sunnen*, 333 U.S. at 598.  Those

taxpayers would then be left with no other avenue for relief.  As this

Court recognized in *Organic Cannabis*, "the perverse effect of barring

the taxpayer from later challenging the amount in a refund suit …

ironically yield[s] precisely the sort of harsh consequence that the

Supreme Court's recent jurisdictional jurisprudence has sought to

avoid." 962 F.3d at 1095 (cleaned up).[16] The severity of the unexpected harm to most taxpayers who file untimely petitions affirms that Congress intended §6213(a)'s filing deadline to be jurisdictional. *But see Culp*, 75 F.4th at 202 (acknowledging the severe effect but finding it did not support a finding that §6213(a) is jurisdictional).

Taxpayer and amicus are wrong in their suggestion (Br.42 n.5; Am.Br.18-23) that, since a taxpayer who files an *untimely* petition might not technically be barred from filing a refund suit for the same tax year by §6512(a), such late filing would deprive the Tax Court's decision under §7459(d) of res judicata effect. Their interpretation is not consistent with the statutory text of §6512(a), nor can it be reconciled with this Court's holding regarding §7459(d) in *Organic Cannabis*—or with general res judicata principles. Under §7459(d), a dismissal other than one for a lack of jurisdiction results in a decision on the merits. Such a decision, like any other Tax Court decision, is

---

[16] Circuits holding §6213(a) to be nonjurisdictional have dismissed this harm as likely "seldom, if ever, to occur." *Buller,* 160 F.4th at 270 (citing *Culp,* 75 F.4th at 202)). But more taxpayers may file late petitions if they perceive the deadline as flexible, while being unaware of the consequences of §7459(d).

entitled to res judicata effect once final.[17]  *See, e.g.*, I.R.C. §§7481, 7482;

*Sunnen*, 333 U.S. at 598; *Old Colony*, 279 U.S. at 728; *see also Organic*

*Cannabis*, 962 F.3d at 1095 (explaining a §7459(d) decision is binding

on the merits); *Josephberg,* 562 F.3d at 489-90 (same).  There is no

untimely petition carveout for the preclusive effect of deficiency

decisions under §7459(d)—as taxpayer and amicus appear to argue.

Moreover, under their interpretation, a taxpayer who filed an untimely

petition, and who received a merits decision under §7459(d), might still

be able to collaterally attack that merits decision because the timeliness

provision of a different statute, §6512(a), was not met.  But whether a

decision is on the merits is a distinct question from whether there is

jurisdiction for a later refund suit—and the latter is what §6512(a)

limits.  *See First Nat'l Bank of Chi.*, 792 F.2d at 955-56; *see also* pp.50-

52, *supra.*  Put simply, taxpayer's and amicus's interpretation of

§7459(d) makes little sense and is contrary to the decision on that very

---

[17] Taxpayer also argues that §7459(d) is not a preclusion provision, (Br.42 n.5), which is technically true, but misses the mark. Section 7459(d) itself only prescribes when a Tax Court decision as to a particular deficiency amount is entered.  The preclusive effect of that decision is then prescribed, as it is for all Tax Court decisions, by other Code provisions and the caselaw.

issue in *Organic Cannabis*.  Further, their interpretation would do violence to the finality provisions of the Code as well as longstanding judicial principles of comity and res judicata.

**b.**  Moreover, a more complete reading of §7459(d)'s history demonstrates that Congress has long understood §6213(a)'s deadline to be jurisdictional.  When Congress enacted §7459(d)'s predecessor in 1926, the statute did not distinguish between jurisdictional and nonjurisdictional dismissals.  *See* 1926 Act, §906(c), 44 Stat. at 107. Congress explained then that §906(c) was "primarily necessary in order that the amount of the bond [might] be fixed, in the event the taxpayer desire[d] to have the decision reviewed by the courts."  H.R. Conf. Rep. No. 69-356, at 53 (1926).

Soon after, the Board of Tax Appeals refused to enter a decision specifying the deficiency as determined by the Commissioner where the taxpayer filed an untimely petition over which it lacked jurisdiction. *Appeal of United Paper Co.,* 4 B.T.A. 257, 257-58 (1926).  The Board explained that a dismissal for an untimely appeal is "in effect a determination that no appeal has been taken, and there can be no

-58-

jurisdiction even to dismiss the appeal in the sense in which dismissal is used in [§906(c)]." *Id.* at 258.

Congress amended §906(c) to follow *United Paper* in 1928. The amended law excused the Board from entering dismissal orders that sustain the amount of the IRS's deficiency determination when "the dismissal is for lack of jurisdiction." Revenue Act of 1928, Pub. L. No. 70-562, §601, 45 Stat. 791, 871-72. Section 7459(d) still makes this distinction. Indeed, the 1926 House Report quoted by amicus (Am.Br.20-21) can just as well be read to mean that Congress had understood and intended dismissals for untimely petitions to be jurisdictional all along—*i.e.,* dismissals without prejudice to a future refund suit—and the 1928 amendment was simply spurred by the need to clarify the text, as highlighted by *United Paper. See also Hallmark Rsch.,* 159 T.C. at 151-53. Thus, taxpayer and amicus are mistaken in their contrary interpretations of the meaning and implications of §7459(d), (*See* Br.42 n.5; Am.Br.18-23).

### c. The unique context of §6213(a)'s deadline distinguishes it from other nonjurisdictional time limits

Taxpayer likens §6213(a)'s deadline to other time limits that the Supreme Court has held are nonjurisdictional. (*See* Br.20-27.) Yet she never grapples with §6213(a)'s unique context, which distinguishes it from other time limits.

First, unlike other provisions, §6213(a) is the lynchpin of a complex statutory scheme designed to fund the federal government. The deadline in §6330(d)(1) addressed in *Boechler*, in contrast, concerned challenges only to a single type of post-assessment administrative collection action. Unlike §6330, §6213(a) impacts the assessment process on which all tax liens, the statute of limitations for collection of an assessed tax liability, and most other collection efforts depend.

Second, missing §6213(a)'s jurisdictional deadline does not cut off all judicial review. A jurisdictional dismissal on timeliness grounds leaves intact alternative paths to relief, including refund suits. When the Tax Court dismisses a deficiency proceeding for lack of jurisdiction, the taxpayer is merely temporarily thrown out of the ring but may

continue the fight elsewhere. By contrast, missing the deadlines in *Wong*, *Henderson*, *Harrow*, and *Boechler* (among others) left claimants with no chance at judicial review. Federal tort plaintiffs must assert timely claims or judicial review is "forever barred." 28 U.S.C. §2401(b); s*ee Wong*, 575 U.S. at 405. Veterans seeking to challenge a benefits determination must timely appeal to the Veterans Court. *See Henderson*, 562 U.S. at 431-33. Federal workers seeking to reverse a major adverse employment action must timely appeal to the Federal Circuit (from the MSPB). *See Harrow*, 601 U.S. at 482. And taxpayers seeking to dispute an IRS levy *before losing their property* must file a timely Tax Court petition under §6330(d)(1). *See Boechler*, 596 U.S. at 202-03.

### 3. History fortifies §6213(a)'s jurisdictional reading

The final pillar of the clear-statement rule is the "relevant historical treatment" of the statutory condition. *Reed Elsevier*, 559 U.S. at 166. While historical treatment "is not dispositive," it remains "a factor." *Id.* at 169.

Congress's treatment of §6213(a) over the last century endorses a jurisdictional reading of its deadline. Before 2023, the federal appellate

-61-

courts, including this Court, had long held that §6213(a)'s deadline is jurisdictional.  *See Organic Cannabis*, 962 F.3d at 1092-95; *Hallmark Rsch.*, 159 T.C. at 155-60 & App'x (collecting appellate cases).  Over decades, Congress reenacted what is now §6213(a) multiple times—and made other changes, such as excluding Saturdays, Sundays, and holidays from being the last day of the filing period—while leaving the language prescribing the petition-filing deadline essentially unchanged. *Hallmark Rsch.,* 159 T.C. at 154-60.  This statutory history suggests that Congress meant to incorporate the widely settled jurisdictional view into the law.  *See Bragdon v. Abbott*, 524 U.S. 624, 645 (1998); *see also Liu v. SEC*, 591 U.S. 71, 86 (2020) (explaining this "prior-construction principle" of interpretation); A. Scalia & B. Garner, *Reading Law:  The Interpretation of Legal Texts* 322 (2012) (same). Indeed, the Tax Court in *Hallmark Research* relied heavily on the "prior-construction canon" to reaffirm that §6213(a)'s deadline is jurisdictional.  *See Sanders v. Commissioner*, 161 T.C. 112, 118-19 (2023).  "Further, *stare decisis* in respect to statutory interpretation has special force, for Congress remains free to alter what [the courts] have done."  *John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 139

-62-

(2008) (internal quotation marks and citations omitted); *see also Xi v. U.S. I.N.S.*, 298 F.3d 832, 839 (9th Cir. 2002).

More importantly, there is recent, direct evidence—the Internal Revenue Service Restructuring and Reform Act of 1998 ("1998 Act")—showing that Congress *affirmatively adopted* the consensus jurisdictional view. Relevant here, that law did two things. It directed the IRS, as reflected in an uncodified note to §6212(a), to state its calculation of the petition deadline in deficiency notices, and it added §6213(a)'s fifth sentence requiring the Tax Court to treat petitions filed by the stated deadline "as timely filed," even if the IRS had stated an erroneous deadline in the deficiency notice. *See* 1998 Act, §3463(a)-(b), 112 Stat. at 767. Explaining this change, Congress said outright: "If the petition is not filed within th[e] time period" in §6213(a), "the Tax Court does not have *jurisdiction* to consider the petition." H.R. Conf. Rep. No. 105-599, at 289 (emphasis added). The fifth sentence is true to this understanding. Because Congress understood the petition-filing deadline to be jurisdictional, it also understood the Tax Court could not toll the statutory deadline even if the taxpayer had filed late due to an IRS mistake, so a statutory fix was necessary.

-63-

## C. Section 6213(a)'s deadline cannot be equitably tolled even if it were not jurisdictional

Because §6213(a)'s deadline is jurisdictional, it cannot be equitably tolled. *See Organic Cannabis*, 962 F.3d at 1092, 1095; *see also Wilkins*, 598 U.S. at 164; *Wong*, 575 U.S. at 408-09. But even if it were not jurisdictional, it would still be mandatory and not subject to equitable tolling. *See, e.g.*, *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 192-94 (2019); *see also Enbridge Energy, LP v. Nessel on behalf of Michigan*, 608 U.S. ___, 146 S. Ct. 1074, 1079, 1086 (2026) (explaining that whether equitable tolling is allowed must be judged based on the "text, structure, and context" of the relevant statute).

Generally, nonjurisdictional statutory deadlines are presumptively subject to equitable tolling. *Boechler,* 596 U.S. at 209. Yet in certain cases, there is "good reason to believe that Congress did *not* want the equitable tolling doctrine to apply." *Brockamp*, 519 U.S. at 350. In *Brockamp*, for instance, the Supreme Court held that the deadline to file administrative refund claims, I.R.C. §6511, is mandatory and cannot be tolled "for nonstatutory equitable reasons."

519 U.S. at 348.[18]  The Court reasoned:  "Section 6511 sets forth its time limitations in unusually emphatic form," *id.* at 350; the statute "reiterates its limitations several times in several different ways," *id.* at 351; "[t]he Tax Code reemphasizes" the mandatory deadline in other statutes, *id.*; and "[t]he nature of the underlying subject matter," federal tax collection, suggests "that Congress would likely have wanted to decide explicitly whether, or just where and when, to expand the statute's limitations periods, rather than delegate to the courts a generalized power to do so wherever a court concludes that equity so requires." *Id.* at 352-53.  These same considerations hold true for §6213(a).

Like §6511, §6213(a)'s text prescribes a clear deadline and then carves out "explicit exceptions" that "do not include 'equitable tolling.'" *Cf. Brockamp*, 519 U.S. at 351.  Section 6213(a)'s deadline is subject to a long list of statutory exceptions:  (1) a longer 150-day deadline for taxpayers outside the U.S.; (2, 3, & 4) three separate statutory amendments that together excluded Saturdays, Sundays, and holidays

---

[18] Jurisdiction over refund suits requires a timely filed refund claim.  *See Dalm*, 494 U.S. at 608-11.

-65-

from counting "as the last day"; (5) the treatment of petitions as timely if filed by the date stated on the notice; (6) §6213(f), which suspends the deadline in the event of a bankruptcy filing, (7) §7451(b)(1) (added in 2021), which tolls the filing deadline when "a filing location is inaccessible"; (8 & 9) §§7508(a)(1) and 7508A(a)(1), which grant exceptions for service members in designated combat zones and taxpayers in federally declared disaster areas; and (10), §7502(a)'s statutory mail-box rule, which often treats the date of mailing as the "date of filing." "That Congress accounted for equitable factors … strongly suggests that it did not expect an adjudicator to add a broader range of equitable factors to the mix." *Arellano v. McDonough,* 598 U.S. 1, 10 (2023); *see also Enbridge Energy*, 146 S. Ct. at 1082-84.

Taxpayer claims (Br.49-51) that the Supreme Court's "recent decision in *Enbridge Energy* … confirms that section 6213(a)'s deadline can be equitable tolled." But, in fact, *Enbridge Energy*'s analysis suggests that recent circuit opinions, like *Culp* and others that have followed it, were poorly reasoned because they failed to properly account for the many statutory exceptions both within §6213(a) *and elsewhere* in the Code. These courts treated their determinations like a mere

counting exercise—and miscounted the applicable exceptions. *See, e.g.*, *Culp*, 75 F.4th at 203-04 (recognizing only "three" exceptions within §6213(a)); *Buller*, 160 F.4th at 271 (relying on *Culp's* analysis that there are only "three" statutory exceptions within §6213(a) itself).[19] But as the Supreme Court made clear in *Enbridge Energy*, there is no reason that statutory "exceptions … located outside" the relevant statute "should carry less force." 146 S. Ct. at 1085. There should not be a "'laser focus' on a single provision in isolation," *id.* (quoting *Arellano*, 598 U.S. at 12) (cleaned up), but a focus on the "'statutory scheme' overall," *id.* (quoting *Arellano*, 598 U.S. at 13) (cleaned up). And equally to the point, the equitable tolling "inquiry is not a mere counting exercise." *Id.* at 1086. Here, both the significant number of statutory exceptions, not only within §6213(a) (which itself includes five separately enacted statutory exceptions) but also elsewhere, as well as

---

[19] The Sixth Circuit simply stated equitable tolling was "available," without providing any meaningful reasoning. *See Oquendo*, 148 F.4th at 833-34.

equitable tolling's incongruence with the overall statutory scheme, strongly indicate Congress did not intend to allow tolling.[20]

Moreover, like the deadline in *Brockamp*, §6213(a)'s deadline is "reiterate[d]" and "reemphasize[d] … in several different ways" throughout the Tax Code. 519 U.S. at 351-52. The deadline dictates the period of prohibition on assessment (I.R.C. §6213(a)'s second sentence) and limits the Tax Court's power to enjoin assessments to cases with a "timely" petition (*id.,* fourth sentence). It dictates when the IRS must assess a deficiency. I.R.C. §6213(c). It affects the IRS's power to issue additional deficiency notices. I.R.C. §6212(c)(1). And the general bar on refund litigation over the same year in §6512(a) depends on the petition filing deadline in §6213(a).

In contrast, the deadline in *Boechler* lacked these textual features and numerous exceptions, which were enacted over many decades with Congress's understanding that §6213(a) is jurisdictional and its

---

[20] Taxpayer suggests (Br.51) that "Section 6213(a) does not contain a highly reticulated system of exceptions …." But, as shown, §6213(a) contains at least five statutory exceptions itself, and §6213(f) contains another. And in any event, the proper focus is not on exceptions contained only within a particular statute but on all the statutory exceptions that apply and the way in which tolling would be fit with the overall statutory scheme.

deadline can only be tolled by statutory exceptions. *See* 596 U.S. at 210. To apply equitable tolling to §6213(a)'s deadline would require adding a judicially made exception to Congress's detailed scheme of express exceptions and carveouts, which the Supreme Court has cautioned against. *See Brockamp*, 519 U.S. at 351-54 ("[t]ax law … is not normally characterized by case-specific exceptions reflecting individualized equities").

Unlike the relatively new collection-due-process deadline at issue in *Boechler,* the deadline for challenging a deficiency determination is a "central provision of tax law." *Boechler*, 596 U.S. at 210 (distinguishing *Brockamp*). The deadline in §6213(a) directly affects tax collections from every taxpayer who receives a notice of deficiency—which, in 2017, exceeded 2.7 million.[21] While only some of these taxpayers ultimately file petitions challenging deficiency determinations, the "serious

---

[21] National Taxpayer Advocate Annual Report to Congress 2018, Volume 1, at 199, https://www.taxpayeradvocate.irs.gov/wp-content/uploads/2020/07/ARC18_Volume1.pdf (last visited July 26, 2026).

administrative problems" that equitable tolling may cause are obvious.

*Brockamp*, 519 U.S. at 352. *See* pp.39-53, *supra*.[22]

Moreover, if the filing deadline in §6213(a) is not considered absolute, a taxpayer can make an end-run around those other refund deadlines the Supreme Court has held are absolute. Essentially, if the Tax Court can indefinitely retain deficiency jurisdiction even after the injunction on assessment and collection is lifted and even after the tax may have been assessed, collected, and paid, then the Tax Court also indefinitely retains its related refund jurisdiction. *See* I.R.C. §§6213(a), 6512(b). Thus, in theory, a taxpayer who missed the Tax Court's petition deadline, paid the amounts asserted (either voluntarily or through involuntary collection following the assessment), and then also failed to timely pursue a refund claim or refund suit, could go back to the Tax Court and argue tolling as a way to gain a possible, second chance at a refund. The Tax Court's refund jurisdiction includes any amount "paid … after the mailing of the notice of deficiency," as well as

---

[22] Over 19,000 deficiency petitions were filed in 2024. *See* United States Tax Court, *Congressional Budget Justification Fiscal Year 2026* at 23 (table 16), https://ustaxcourt.gov/files/documents/FY_2026_Congressional_Budget_ Justification.pdf (last visited July 26, 2026).

certain amounts that were not time barred under §6511 at the time the notice of deficiency was mailed. *See* I.R.C. §6512(b)(2)-(3). But Congress never envisioned that refunds of such amounts could still be sought after the Tax Court's statutory petition-filing deadline expired (whether by days or years). *See Lundy*, 45 F.3d at 866. In short, holding §6213(a)'s petition-filing deadline is subject to equitable tolling could arguably allow a taxpayer to make an end-run around *Brockamp*'s holding that the statutory time limits for refund claims cannot be equitably tolled.

Congress has primarily vested jurisdiction to award refunds of collected taxes in the district courts and Court of Federal Claims, subject to rigorous preconditions, including strict time limits. *See* 28 U.S.C. §1346(a); *Clintwood Elkhorn Min. Co.*, 553 U.S. at 8. And the Supreme Court has been clear that the time limits governing refund claims and suits are strict—clearly drawing to a close when a taxpayer can recover from the public fisc. *See id.*; *Brockamp*, 519 U.S. at 350-54 (deadline for filing an administrative refund claim in I.R.C. §6511 could not be equitably tolled); *Dalm,* 494 U.S. at 602, 609-10 (time limit for filing refund suit is firm jurisdictional limit). This firm cutoff for

taxpayers' refund claims reflects the need for a point of final certainty regarding taxes that are the "lifeblood of government" and "an imperious need." *Bull v. United States*, 295 U.S. 247, 259 (1935). To hold that §6213(a)'s deadline can be tolled—thus potentially opening the door to a late Tax Court proceeding and allowing that court to exercise its accompanying refund jurisdiction after it is too late for a taxpayer to secure a refund outside the Tax Court—would create a possible end-run around otherwise strict statutory time limits on seeking refunds. That the Supreme Court has repeatedly declined to equitably expand the time for administrative refund claims and refund suits strongly suggests it meant to close the door on any uncertainty about the amount to be retained by the fisc when the time for a refund suit expires, in order to facilitate orderly tax administration. *See, e.g.*, *John R. Sand & Gravel Co.,* 552 U.S. at 133 (citing *Brockamp*, 519 U.S. at 352-53, and *Dalm*, 494 U.S. at 609-10); see *also Rothensies v. Elec. Storage Battery Co.*, 329 U.S. 296, 301 (1946). The heretofore immovable jurisdictional nature of the Tax Court's filing deadline is what has prevented otherwise stale refund claims from being presented to the Tax Court indefinitely—thus circumventing the strict statutory

framework of I.R.C. §6511. *See Lundy*, 45 F.3d at 866. And *Brockamp* expressly cautioned that tolling of "substantive limitations on the amount of recovery," should not be allowed as it was "a kind of tolling for which [the Court] … found no direct precedent." *Brockamp*, 519 U.S. at 352. Put simply, Congress did not intend that the Tax Court could indefinitely provide a venue for adjudicating late-filed refund claims—but holding §6213(a) be nonjurisdictional and subject to equitable tolling would cause that unintended result.

Furthermore, *Brockamp* was focused on the "potential magnitude of the administrative problem" that might arise from allowing time limits to be equitably tolled. 519 U.S. at 352. Focusing on the number of late petitions filed under the current system, which has a hard filing cutoff, does not say much if anything about the *potential* magnitude of the problem that might arise if there were no longer a concrete deadline. (*See* Am.Br.5-11.) The *potential* magnitude is better measured by the millions of notices of deficiency (tickets to Tax Court), new and old, which could serve as the basis for petitions. Once taxpayers (and tax practitioners) learn time limits are malleable, their behavior may change. After all, they have a monetary incentive to try.

-73-

*Brockamp* asked, "Is there good reason to believe that Congress

did *not* want the equitable tolling doctrine to apply?" 519 U.S. at 350.

The answer here is yes.

## CONCLUSION

This Court should affirm the Tax Court's decision.

> Respectfully submitted,
>
> BRETT A. SHUMATE
>   *Assistant Attorney General*
>
> /s/ *Matthew S. Johnshoy*
>
> ELLEN PAGE DELSOLE      (202) 514-8128
> MATTHEW S. JOHNSHOY      (202) 616-1908
>   *Attorneys, Tax Litigation Branch*
>   *Civil Division, U.S. Department of Justice*
>   *Post Office Box 502, Washington, D.C. 20044*

JULY 29, 2026

-74-

# ADDENDUM

**Page**

**Internal Revenue Code (26 U.S.C.)**

§6211(a) ................................................................................. 75

§6212(a), (c)(1), note ........................................................... 75

§6213(a), (c), (f)(1) ............................................................... 77

§6214(a) ................................................................................. 78

§6215(a), (b)(2) .................................................................... 79

§6512(a), (b) ......................................................................... 79

§7422(e) ................................................................................. 82

§7442 ...................................................................................... 83

§7451(b)(1) ........................................................................... 84

§7459(c)-(d) .......................................................................... 84

§7481(a)-(b) .......................................................................... 85

§7482(a)(1) ........................................................................... 87

§7502(a)(1) ........................................................................... 88

§7503 ...................................................................................... 88

§7508(a) ................................................................................. 89

§7508A(a) .............................................................................. 91

## § 6211. Definition of a deficiency

### (a) In general

For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, and 44 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44 exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b)(2), made.

\*         \*         \*

## § 6212. Notice of deficiency

### (a) In general

If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office.

\*         \*         \*

## (c) Further deficiency letters restricted

### (1) General rule

If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year, of gift tax for the same calendar year, of estate tax in respect of the taxable estate of the same decedent, of chapter 41 tax for the same taxable year, of chapter 43 tax for the same taxable year, of chapter 44 tax for the same taxable year, of section 4940 tax for the same taxable year, or of chapter 42 tax, (other than under section 4940) with respect to any act (or failure to act) to which such petition relates, except in the case of fraud, and except as provided in section 6214(a) (relating to assertion of greater deficiencies before the Tax Court), in section 6213(b)(1) (relating to mathematical or clerical errors), in section 6851 or 6852 (relating to termination assessments), or in section 6861(c) (relating to the making of jeopardy assessments).

\*          \*          \*

**Statutory Notes and Related Subsidiaries**

\*          \*          \*

**Notice of Deficiency To Specify Deadlines
for Filing Tax Court Petition**

Pub. L. 105–206, title III, §3463(a), July 22, 1998, 112 Stat. 767, provided that: "The Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency under section 6212 of the Internal Revenue Code of 1986 the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court."

[Section 3463(a) of Pub. L. 105–206, set out above, applicable to notices mailed after Dec. 31, 1998, see section 3463(c) of Pub. L. 105–

206, set out as an Effective Date of 1998 Amendment note under section 6213 of this title.]

### § 6213.  Restrictions applicable to deficiencies; petition to Tax Court

**(a) Time for filing petition and restriction on assessment**

Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.

\*          \*          \*

**(c) Failure to file petition**

If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary.

\*     \*     \*

**(f) Coordination with title 11**

**(1) Suspension of running of period for filing petition in title 11 cases**

In any case under title 11 of the United States Code, the running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.

\*     \*     \*

**§ 6214.  Determinations by Tax Court**

**(a) Jurisdiction as to increase of deficiency, additional amounts, or additions to the tax**

Except as provided by section 7463, the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

\*     \*     \*

## § 6215.  Assessment of deficiency found by Tax Court

### (a) General rule

If the taxpayer files a petition with the Tax Court, the entire amount redetermined as the deficiency by the decision of the Tax Court which has become final shall be assessed and shall be paid upon notice and demand from the Secretary. No part of the amount determined as a deficiency by the Secretary but disallowed as such by the decision of the Tax Court which has become final shall be assessed or be collected by levy or by proceeding in court with or without assessment.

### (b) Cross references

\*          \*          \*

(2) For dismissal of petition by Tax Court as affirmation of deficiency as determined by the Secretary, see section 7459(d).

\*          \*          \*

## § 6512.  Limitations in case of petition to Tax Court

### (a) Effect of petition to Tax Court

If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) (or 7481(c) with respect to a determination of statutory interest or section 7481(d) solely with respect to a determination of estate tax by the Tax Court), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter

41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Tax Court which has become final, and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final, and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive, and

(4) As to overpayments attributable to partnership items, in accordance with subchapter C of chapter 63, and

(5) As to any amount collected within the period during which the Secretary is prohibited from making the assessment or from collecting by levy or through a proceeding in court under the provisions of section 6213(a), and

(6) As to overpayments the Secretary is authorized to refund or credit pending appeal as provided in subsection (b).

## (b) Overpayment determined by Tax Court

### (1) Jurisdiction to determine

Except as provided by paragraph (3) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate

tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer. If a notice of appeal in respect of the decision of the Tax Court is filed under section 7483, the Secretary is authorized to refund or credit the overpayment determined by the Tax Court to the extent the overpayment is not contested on appeal.

**(2) Jurisdiction to enforce**

If, after 120 days after a decision of the Tax Court has become final, the Secretary has failed to refund the overpayment determined by the Tax Court, together with the interest thereon as provided in subchapter B of chapter 67, then the Tax Court, upon motion by the taxpayer, shall have jurisdiction to order the refund of such overpayment and interest. An order of the Tax Court disposing of a motion under this paragraph shall be reviewable in the same manner as a decision of the Tax Court, but only with respect to the matters determined in such order.

**(3) Limit on amount of credit or refund**

No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—

(A) after the mailing of the notice of deficiency,

(B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

(C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency—

(i) which had not been disallowed before that date,

(ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or

(iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.

In a case described in subparagraph (B) where the date of the mailing of the notice of deficiency is during the third year after the due date (with extensions) for filing the return of tax and no return was filed before such date, the applicable period under subsections (a) and (b)(2) of section 6511 shall be 3 years.

(4) Denial of jurisdiction regarding certain credits and reductions

The Tax Court shall have no jurisdiction under this subsection to restrain or review any credit or reduction made by the Secretary under section 6402.

\* \* \*

## § 7422.  Civil actions for refund

\* \* \*

## (e) Stay of proceedings

If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Court of Federal Claims for the recovery of any income tax, estate tax, gift tax, or tax imposed by chapter 41, 42, 43, or 44 (or any penalty relating to such taxes) mails to

the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the United States Court of Federal Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit, or intervene in the event of a suit as described in subsection (c) (relating to suits against officers or employees of the United States), within the period of the stay of proceedings notwithstanding that the time for such pleading may have otherwise expired. The taxpayer shall have the burden of proof with respect to the issues raised by such counterclaim or intervention of the United States except as to the issue of whether the taxpayer has been guilty of fraud with intent to evade tax. This subsection shall not apply to a suit by a taxpayer which, prior to the date of enactment of this title, is commenced, instituted, or pending in a district court or the United States Court of Federal Claims for the recovery of any income tax, estate tax, or gift tax (or any penalty relating to such taxes).

\*         \*         \*

## § 7442. Jurisdiction

The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3, and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10–87), or by laws enacted subsequent to February 26, 1926.

-84-

## § 7451.  Petitions

\*           \*           \*

### (b) Tolling of time in certain cases

#### (1) In general

Notwithstanding any other provision of this title, in any case (including by reason of a lapse in appropriations) in which a filing location is inaccessible or otherwise unavailable to the general public on the date a petition is due, the relevant time period for filing such petition shall be tolled for the number of days within the period of inaccessibility plus an additional 14 days.

\*           \*           \*

## § 7459.  Reports and decisions

\*           \*           \*

### (c) Date of decision

A decision of the Tax Court (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Tax Court or, in the case of a declaratory judgment proceeding under part IV of this subchapter or under section 7428 or in the case of an action brought under section 6234, the date of the court's order entering the decision. If the Tax Court dismisses a proceeding for reasons other than lack of jurisdiction and is unable from the record to determine the amount of the deficiency determined by the Secretary, or if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.

**(d) Effect of decision dismissing petition**

If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary. An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot determine such amount from the record in the proceeding, or unless the dismissal is for lack of jurisdiction.

\*　　　　\*　　　　\*

## § 7481. Date when Tax Court decision becomes final

**(a) Reviewable decisions**

Except as provided in subsections (b), (c), and (d), the decision of the Tax Court shall become final—

### (1) Timely notice of appeal not filed

Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time; or

### (2) Decision affirmed or appeal dismissed

#### (A) Petition for certiorari not filed on time

Upon the expiration of the time allowed for filing a petition for certiorari, if the decision of the Tax Court has been affirmed or the appeal dismissed by the United States Court of Appeals and no petition for certiorari has been duly filed; or

#### (B) Petition for certiorari denied

Upon the denial of a petition for certiorari, if the decision of the Tax Court has been affirmed or the appeal dismissed by the United States Court of Appeals; or

#### (C) After mandate of Supreme Court

Upon the expiration of 30 days from the date of issuance of the mandate of the Supreme Court, if such Court directs that the decision of the Tax Court be affirmed or the appeal dismissed.

## (3) Decision modified or reversed

### (A) Upon mandate of Supreme Court

If the Supreme Court directs that the decision of the Tax Court be modified or reversed, the decision of the Tax Court rendered in accordance with the mandate of the Supreme Court shall become final upon the expiration of 30 days from the time it was rendered, unless within such 30 days either the Secretary or the taxpayer has instituted proceedings to have such decision corrected to accord with the mandate, in which event the decision of the Tax Court shall become final when so corrected.

### (B) Upon mandate of the Court of Appeals

If the decision of the Tax Court is modified or reversed by the United States Court of Appeals, and if—

(i) the time allowed for filing a petition for certiorari has expired and no such petition has been duly filed, or

(ii) the petition for certiorari has been denied, or

(iii) the decision of the United States Court of Appeals has been affirmed by the Supreme Court, then the decision of the Tax Court rendered in accordance with the mandate of the United States Court of Appeals shall become final on the expiration of 30 days from the time such decision of the Tax Court was rendered, unless within such 30 days either the Secretary or the taxpayer has instituted proceedings to have such decision corrected so that it will accord with the mandate, in which event the decision of the Tax Court shall become final when so corrected.

**(4) Rehearing**

If the Supreme Court orders a rehearing; or if the case is remanded by the United States Court of Appeals to the Tax Court for a rehearing, and if—

(A) the time allowed for filing a petition for certiorari has expired and no such petition has been duly filed, or

(B) the petition for certiorari has been denied, or

(C) the decision of the United States Court of Appeals has been affirmed by the Supreme Court,

then the decision of the Tax Court rendered upon such rehearing shall become final in the same manner as though no prior decision of the Tax Court has been rendered.

**(5) Definition of "mandate"**

As used in this section, the term "mandate", in case a mandate has been recalled prior to the expiration of 30 days from the date of issuance thereof, means the final mandate.

**(b) Nonreviewable decisions**

The decision of the Tax Court in a proceeding conducted under section 7436(c) or 7463 shall become final upon the expiration of 90 days after the decision is entered.

*        *        *

**§ 7482. Courts of review**

**(a) Jurisdiction**

**(1) In general**

The United States Courts of Appeals (other than the United States Court of Appeals for the Federal Circuit) shall have exclusive jurisdiction to review the decisions of the Tax Court, except as

provided in section 1254 of Title 28 of the United States Code, in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury; and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari, in the manner provided in section 1254 of Title 28 of the United States Code.

\* \* \*

## § 7502.  Timely mailing treated as timely filing and paying

### (a) General rule

#### (1) Date of delivery

If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

\* \* \*

## § 7503.  Time for performance of acts where last day falls on Saturday, Sunday, or legal holiday

When the last day prescribed under authority of the internal revenue laws for performing any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday. For purposes of this section, the last day for the

performance of any act shall be determined by including any authorized extension of time; the term "legal holiday" means a legal holiday in the District of Columbia; and in the case of any return, statement, or other document required to be filed, or any other act required under authority of the internal revenue laws to be performed, at any office of the Secretary or at any other office of the United States or any agency thereof, located outside the District of Columbia but within an internal revenue district, the term "legal holiday" also means a Statewide legal holiday in the State where such office is located.

## § 7508.  Time for performing certain acts postponed by reason of service in combat zone or contingency operation

### (a) Time to be disregarded

In the case of an individual serving in the Armed Forces of the United States, or serving in support of such Armed Forces, in an area designated by the President of the United States by Executive order as a "combat zone" for purposes of section 112, or when deployed outside the United States away from the individual's permanent duty station while participating in an operation designated by the Secretary of Defense as a contingency operation (as defined in section 101(a)(13) of title 10, United States Code) or which became such a contingency operation by operation of law, at any time during the period designated by the President by Executive order as the period of combatant activities in such zone for purposes of such section or at any time during the period of such contingency operation, or hospitalized as a result of injury received while serving in such an area or operation during such time, the period of service in such area or operation, plus the period of continuous qualified hospitalization attributable to such injury, and the next 180 days thereafter, shall be disregarded in determining, under the internal revenue laws, in respect of any tax liability (including any interest, penalty, additional amount, or addition to the tax) of such individual—

(1) Whether any of the following acts was performed within the time prescribed therefor:

(A) Filing any return of income, estate, gift, employment, or excise tax;

(B) Payment of any income, estate, gift, employment, or excise tax or any installment thereof or of any other liability to the United States in respect thereof;

(C) Filing a petition with the Tax Court, or filing a notice of appeal from a decision of the Tax Court;

(D) Allowance of a credit or refund of any tax;

(E) Filing a claim for credit or refund of any tax;

(F) Bringing suit upon any such claim for credit or refund;

(G) Assessment of any tax;

(H) Giving or making any notice or demand for the payment of any tax, or with respect to any liability to the United States in respect of any tax;

(I) Collection, by the Secretary, by levy or otherwise, of the amount of any liability in respect of any tax;

(J) Bringing suit by the United States, or any officer on its behalf, in respect of any liability in respect of any tax or in respect of any erroneous refund; and

(K) Any other act required or permitted under the internal revenue laws specified by the Secretary;

(2) The amount of any credit or refund; and

(3) Any certification of a seriously delinquent tax debt under section 7345.

\*     \*     \*

### § 7508A. Authority to postpone certain deadlines by reason of Federally declared disaster, significant fire, or terroristic or military actions

### (a) In general

In the case of a taxpayer determined by the Secretary to be affected by a federally declared disaster (as defined by section 165(i)(5)(A)), a significant fire, or a terroristic or military action (as defined in section 692(c)(2)), the Secretary may specify a period of up to 1 year that may be disregarded in determining, under the internal revenue laws, in respect of any tax liability of such taxpayer—

(1) whether any of the acts described in paragraph (1) of section 7508(a) were performed within the time prescribed therefor (determined without regard to extension under any other provision of this subtitle for periods after the date (determined by the Secretary) of such disaster, fire, or action),

(2) the amount of any interest, penalty, additional amount, or addition to the tax for periods after such date, and

(3) the amount of any credit or refund.

\*     \*     \*

-92-

# STATEMENT OF RELATED CASES

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** _____ **26-944** _____

The undersigned attorney or self-represented party states the following:

[ ]   I am unaware of any related cases currently pending in this court.

[ ]   I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ X ]   I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

The same legal issues presented in this appeal are also present in *O'Neill v. Commissioner*, No. 25-5250 (9th Cir.).

**Signature** ___s/Matthew S. Johnshoy___ Date ___07/29/2026___
*(use "s/[typed name]" to sign electronically-filed documents)*

# CERTIFICATE OF COMPLIANCE

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** _____ **26-944** _____

    I am the attorney or self-represented party.

    **This brief contains** ____13,936____ **words,** including _____ words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

    I certify that this brief *(select only one)*:

[X ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** ___s/Matthew S. Johnshoy___ Date ___07/29/2026___
*(use "s/[typed name]" to sign electronically-filed documents)*